Present:  All the Justices

WILLIAM DONALD BOTTOMS

OPINION BY
v.  Record No. 092498        JUSTICE LAWRENCE L. KOONTZ, JR.
                              January 13, 2011
COMMONWEALTH OF VIRGINIA

FROM THE COURT OF APPEALS OF VIRGINIA

In this appeal, we consider whether the circuit court erred in failing to permit William D. Bottoms to withdraw a guilty plea to two counts of construction fraud.[1]  Bottoms contends that the court abused its discretion by applying an incorrect standard to determine whether he should be permitted to withdraw his plea pursuant to Code § 19.2-296.

BACKGROUND

On May 14, 2007, the Dinwiddie County Grand Jury indicted Bottoms for two counts of construction fraud in violation of

------

[1] Bottoms was also indicted for felony failure to appear in violation of Code § 19.2-128.  Although the plea agreement Bottoms entered into with the Commonwealth required him to plead guilty to all three offenses, in addressing whether Bottoms would be permitted to withdraw his plea the parties limited their arguments to the two charges of construction fraud.  Bottoms did not assert that he could offer any defense to the charge of failure to appear, nor was there any proffer of evidence supporting that charge by the Commonwealth.  On appeal, neither Bottoms nor the Commonwealth addresses whether Bottoms should be permitted to withdraw the guilty plea to the failure to appear offense, though Bottoms does request that all his convictions be vacated.  We conclude that, as the plea agreement required Bottoms to plead guilty to all three offenses, his motion to withdraw that plea, if proper, would permit him to withdraw the plea in its entirety.

Code § 18.2-200.1. On January 10, 2008, Bottoms was arraigned on these indictments in the Circuit Court of Dinwiddie County. At the outset of the hearing, the Commonwealth advised the circuit court that there was "a plea agreement in th[is] case." Bottoms then entered a plea of guilty to each charge, and the court acknowledged that the "plea agreement has been offered for [the court] to consider."

The circuit court conducted a guilty plea colloquy in which Bottoms stated that he understood the charges against him, though the specific elements of the offense of construction fraud were not recited at that time. Bottoms stated that he had committed the offenses for which he was charged, and that he was in fact guilty of these offenses. Bottoms further stated that he had consulted with his attorney for "[a]bout two or three hours" and that he had determined to plead guilty based upon his "conference with her."

After a discussion with the Commonwealth concerning the range of sentencing for the offenses, the circuit court indicated that the plea agreement required that Bottoms be released on bond pending the preparation of the presentence report, ostensibly so that he could attempt to arrange for restitution to the victims, but it contained no recommendation concerning sentencing. The court then continued with the guilty plea colloquy, asking Bottoms if he understood that the

2

court would be able to impose any sentence within the available statutory range for the offenses. Bottoms stated that he understood this and further understood that by pleading guilty he was waiving his right of appeal. Bottoms stated that he did not "have a mental or physical disorder," was not presently taking any medications, and that he felt "alright." He further stated that he was entering his plea voluntarily and that he was satisfied with his attorney's services.

The Commonwealth then proffered the evidence it would have adduced in support of the construction fraud offenses. That proffer showed that Bottoms had entered into two separate contracts to renovate a home and a church in Dinwiddie County. With regard to the home renovation, the proffered evidence was that Bottoms had undertaken the work but performed it poorly, and as a result the homeowner was "out" $1,642. With regard to the church renovation, the proffered evidence was that Bottoms had begun work on the project by purchasing materials and hiring laborers, but before the project was complete the building inspector determined that Bottoms did not have the proper class of contractor's license to perform work of that scale and that the work done to that point did not meet the requirements of the building code. A qualified contractor was hired to supervise the work, but Bottoms "disappeared from the

job."  At the conclusion of the hearing, the circuit court found Bottoms "guilty . . . pursuant to the plea agreement." The court ordered the preparation of a presentence report and continued the case for sentencing.

During the continuance, Bottoms retained new counsel who filed a motion on May 15, 2008 seeking to permit Bottoms to withdraw his guilty plea pursuant to Code § 19.2-296.  In that motion, Bottoms contended that on the date of the plea hearing he was suffering from depression and had been prescribed medication for that condition.  Bottoms further contended that he had not received this medication while he was being held in jail and that "[t]he failure to receive this medication may have inhibited [him] from fully understanding and comprehending the proceedings."

On June 25, 2008, the circuit court convened a hearing to receive the presentence report and evidence concerning sentencing.  At the outset of the hearing, Bottoms' counsel indicated that he was not ready to proceed because of the pending motion to withdraw the guilty plea.  Although the mental health counselor from the jail was present and available to testify, counsel maintained that another witness, the psychiatrist who had treated Bottoms while he was in jail, was not present.  Counsel maintained that the testimony of the psychiatrist was necessary to establish that Bottoms had not

4

received his medication prior to the plea hearing and how that would have affected Bottoms' mental state. Bottoms' counsel asserted that Bottoms had complained while in jail of "memory issues, memory loss," and that the court should receive evidence from the psychiatrist to determine whether this would have affected Bottoms' ability to enter a plea. The court, after reviewing the motion, responded that it did not need to hear from any witnesses because Bottoms had stated affirmatively during the guilty plea colloquy that he was not taking any medications and was not suffering from any mental or physical disability.

Bottoms' counsel then asserted that "after subsequent research I think that Mr. Bottoms has some very real defenses." The circuit court observed, "Maybe he has all kinds of defenses, but he waives those when he comes to court and announces ready and pleads guilty." Counsel responded that the procedure under Code § 19.2-296 permitted a defendant to withdraw a guilty plea prior to sentencing if he avers that he has substantial defenses. Counsel further contended that the evidence proffered at the plea hearing demonstrated that Bottoms lacked the necessary intent to defraud because he had actually undertaken to perform the contracts, but had only failed to perform that work properly or had not obtained the

proper permits and license requiring him to stop work until a qualified contractor could oversee the work.

The Commonwealth opposed the motion to withdraw the guilty plea, contending that Bottoms had already received the benefit of the plea agreement in that he had been allowed to post bond pending sentencing, but that he had failed to make restitution during the time the case had been continued. The Commonwealth further contended that Bottoms' responses during the guilty plea colloquy had been "clear[,] concise[, and] not confused." Bottoms' counsel responded that the plea agreement had not really provided any benefit as it did not provide for any agreed or recommended sentence. He further reiterated his position that there were "real defenses" to the charges because the evidence would show a lack of intent to defraud.

The circuit court overruled the motion to withdraw the guilty plea, finding that Bottoms had failed to establish "any good cause." The court opined that in its view "[t]his is just a case where the defendant has changed his mind and wants to back pedal and undo that which has been done." However, the court agreed to continue the sentencing hearing, stating that it would permit Bottoms "to have the psychiatrist . . . testify about what is wrong with him and why it should mitigate the punishment."

On August 5, 2008, Bottoms filed a motion to reconsider the ruling denying the motion to withdraw the guilty plea. Bottoms contended that at the time he entered his plea he was suffering from "major depression" and had not been provided with medication to treat that condition by jail officials. He further contended that it had been reported to jail officials that Bottoms also required "bipolar medication." Bottoms contended that "[t]he failure to receive his proper medication prior to [the plea hearing] inhibited [him] from fully understanding and comprehending the proceedings."

In the motion for reconsideration, Bottoms further contended that "there was no factual basis for the [circuit c]ourt to accept the guilty plea[]." Bottoms contended that the proffer of evidence by the Commonwealth showed that he lacked the requisite intent to defraud at the time he entered into the two renovation contracts and received advance payment for the purchase of supplies and labor. Relying upon Justus v. Commonwealth, 274 Va. 143, 153, 645 S.E.2d 284, 288 (2007), Bottoms contended that he had satisfied the criteria for being permitted to withdraw his guilty plea under Code § 19.2-296.

At a hearing on September 4, 2008, Bottoms' counsel indicated that he was prepared to go forward with sentencing, but asked the circuit court first to rule on the motion for reconsideration. Because the court was unaware that the

7

motion for reconsideration had been filed, the case was continued. On October 10, 2008, the court issued an opinion letter addressing the motion for reconsideration. Therein, the court stated that based upon Bottoms' responses during the guilty plea colloquy "[t]he record reveals a knowing and voluntary guilty plea with knowledge of the consequences." Accordingly, the court denied the motion for reconsideration.

At a sentencing hearing on January 7, 2009, the Commonwealth called various witnesses including the building inspector who had directed Bottoms to stop work on the church project that was the subject of one of the construction fraud charges, representatives of the church, and the owner of the home that was the subject of the other construction fraud charge. During his examination of these witnesses, without objection from the Commonwealth, Bottoms' counsel elicited testimony establishing that Bottoms had purchased materials, hired laborers, and performed work on both projects, completing all of the work on the home and approximately half of the work on the church, though the witnesses maintained that the quality of the work was unsatisfactory.

Bottoms also called Dr. Vernon Choudhary, the psychiatrist who had treated him while he was incarcerated. Although Dr. Choudhary had no current recollection of his treatment of Bottoms, he was permitted to testify based upon

8

his records that Bottoms had been seen by the mental health counselor in the jail and that "it was her impression that [Bottoms'] diagnosis was major depression." Based upon this report and a brief examination, Dr. Choudhary agreed that Bottoms was "suffering depressive episodes" and prescribed an antidepressant.

In an order dated February 4, 2009, the circuit court sentenced Bottoms to ten years imprisonment for each of the construction fraud offenses to run concurrently, with eight years suspended from each concurrent sentence. Bottoms was also required to make restitution in the amount of $26,150 and pay $1,130 in court costs.

Bottoms subsequently filed a petition for appeal to the Court of Appeals, contending that the circuit court erred in denying his motion to withdraw his guilty plea. Bottoms also maintained that the court had applied an incorrect standard by finding that the guilty plea colloquy established that his plea had been knowing and voluntary, thus waiving any later claim of a defense. Bottoms contended that in applying this standard, the court failed to follow this Court's holding in Justus, which required the court to weigh the defendant's responses in the guilty plea colloquy against the assertion that the plea had been entered into under a misapprehension of the nature of the proceedings, or even an assertion that the

9

plea was made inadvisedly, and to permit the plea to be withdrawn if the defendant wished to present any defense other than one that was merely dilatory or formal in nature.

By an unpublished per curiam order dated September 9, 2009, the Court of Appeals denied Bottoms' petition for appeal. Without directly addressing Bottoms' contention that the circuit court had applied an incorrect standard in denying his motion to withdraw his plea, the Court reasoned that Bottoms "invited the very error of which he complains" by failing to advise the circuit court during the guilty plea colloquy that he was suffering from depression. Bottoms v. Commonwealth, Record No. 0117-09-2, slip. op. at 2 (September 9, 2009). The Court concluded that by subsequently asserting that he had not fully comprehended the nature of the plea hearing because of his depression and the failure of the jail personnel to provide him with medication, Bottoms was attempting to "approbate and reprobate." Id., slip op. at 3.

The Court of Appeals further concluded that even if Bottoms could establish that he had been under a disability when he entered his guilty plea, he had not established that he could present a defense that was not merely dilatory or formal in nature. Distinguishing Justus, where the defendant had asserted "strong, specific arguments" in support of a defense of legal impossibility because she had been charged

10

with breaking and entering a home in which she resided, the Court found that Bottoms' asserted defense of a lack of necessary intent was "vague."[2]  Id.

DISCUSSION

Code § 19.2-296 provides:

> A motion to withdraw a plea of guilty or nolo contendere may be made only before sentence is imposed or imposition of a sentence is suspended; but to correct manifest injustice, the court within twenty-one days after entry of a final order may set aside the judgment of conviction and permit the defendant to withdraw his plea.

Bottoms contends that the circuit court's conclusion that the guilty plea colloquy "reveal[ed] a knowing and voluntary guilty plea with knowledge of the consequences" and, thus, barred him from seeking to withdraw his plea and assert any

---

[2] Bottoms also contended that the circuit court erred in not granting a motion for an evidentiary hearing, made after the court had issued the opinion letter indicating that it would deny his motion for reconsideration, to adduce evidence concerning his basis for seeking to withdraw his guilty plea. The Court of Appeals held that Bottoms had not established the need for such a hearing, as the record showed that the circuit court had accepted his proffer of evidence and had based its judgment thereon. Bottoms, slip op. at 3. Bottoms has assigned error to this aspect of the Court of Appeals' judgment. However, because Bottoms was permitted to adduce evidence during the sentencing hearing that corresponded in almost every respect to the proffer made in support of the motion to withdraw his guilty plea, and this evidence permits us to resolve the issue of whether Bottoms should have been permitted to withdraw his guilty plea, we conclude that the issue of whether a separate hearing was required is moot, and we need not address it further.

11

defenses to the charges shows that the court misapprehended the standard to be applied in considering a motion under Code § 19.2-296. He contends that the standard applied by the court, which is the same as applied to a post-conviction review in a habeas corpus proceeding in which ineffective representation of counsel is asserted to establish that the defendant did not enter a constitutionally valid guilty plea, was found by this Court in Justus to be inapplicable to Code § 19.2-296 motions. Rather, Bottoms contends that the proper standard requires the court to determine only whether, based on the facts and circumstances of the particular case, the motion to withdraw a guilty plea is being made in good faith and is premised upon a reasonable basis that the defendant can present substantive, and not merely dilatory or formal, defenses to the charges. Justus, 274 Va. at 155-56, 645 S.E.2d at 290. We agree.

In Justus, we said that reliance upon "admissions made by a defendant in a guilty plea and the attendant colloquy . . . is misplaced in the context of a Code § 19.2-296 motion to withdraw a guilty plea prior to sentencing." Id. at 154, 645 S.E.2d at 289. This is so because "when the case remains within the jurisdiction of the trial court to permit the withdrawal of a guilty plea, the presumptions that would favor the Commonwealth in a habeas proceeding," where the plea is

12

presumed to be valid and is not to be lightly set aside, "simply do not apply." Id. Moreover, "when a defendant files a motion under Code § 19.2-296, he is necessarily seeking to repudiate the admission of guilt and some, if not all, of the admissions made in the guilty plea colloquy." Id.

In this case, it is manifest that the circuit court's analysis of Bottoms' Code § 19.2-296 motion was based upon an improper application of the law as set out by this Court in Justus. Similarly, the Court of Appeals' reliance on the concept that a party will not be permitted to "approbate and reprobate" is misplaced in the context of a Code § 19.2-296 motion, which by its very nature requires the defendant to repudiate the prior assertion of guilt and any attendant admissions supporting that assertion.

Rather, as we explained in Justus,

> in exercising its discretion to grant or deny a Code § 19.2-296 motion made prior to the entry of a final sentencing order, the trial court is to make that determination based on the facts and circumstances of the particular case. And, generally, the withdrawal of a guilty plea should not be denied in any case where it is in the least evident that the ends of justice will be subserved by permitting not guilty to be pleaded in its place. Thus, the motion should be granted even if the guilty plea was merely entered inadvisedly when the evidence supporting the motion shows that there is a reasonable defense to be presented to the judge or jury trying the case.

13

Id. (internal quotation marks omitted). "Thus, 'the accused should be permitted to withdraw a plea of guilty entered [i]nadvisedly when application thereof is duly made in good faith and sustained by proofs, and a proper offer is made to go to trial on a plea of not guilty.' " Id. at 153-54, 645 S.E.2d at 288 (quoting Parris v. Commonwealth, 189 Va. 321, 325-26, 52 S.E.2d 872, 874 (1949) (internal quotation marks omitted)).

Our decision in Justus was based upon our holding in Parris, 189 Va. at 324, 52 S.E.2d at 873, in which we explained that "the motion should not be denied, if timely made, and if it appears from the surrounding circumstances that the plea of guilty was submitted in good faith under an honest mistake of material fact or facts, or if it was induced by fraud, coercion or undue influence and would not otherwise have been made." We further explained that " '[t]he least surprise or influence causing a defendant to plead guilty when he has any defense at all should be sufficient grounds for permitting a change of plea from guilty to not guilty.' " Id. at 325 (quoting 14 Am. Jur., Criminal Law, § 287 at 961 (1938)). Thus, a timely motion to withdraw a plea of guilty should be granted if there is good cause to believe that " 'it was entered by mistake or under a misconception of the nature of the charge; through a misunderstanding as to its effect;

through fear, fraud, or official misrepresentation; was made involuntarily for any reason; or <u>even where it was entered inadvisedly, if any reasonable ground is offered for going to the jury</u>.' "  <u>Id.</u>  (emphasis added).

Bottoms' motion to withdraw the guilty plea was clearly filed in a timely manner, over one month before his scheduled sentencing hearing.  The record in this case amply demonstrates that Bottoms' plea of guilty was, at the very least, entered inadvisedly.  Under the proper standard from <u>Justus</u>, 274 Va. at 154, 645 S.E.2d at 289, we held that the defendant seeking to withdraw a plea of guilty entered inadvisedly must assert that he will be able to present a "reasonable defense" to the trier of fact, <u>id.</u>, while recognizing that the trial court should not use the discretion granted by the statute "in aid of an attempt to rely upon a merely dilatory or formal defense."  <u>Id.</u> at 153, 645 S.E.2d at 288 (internal quotation marks and citations omitted).  The circuit court in this case did not consider whether Bottoms' proffered defense was reasonable, and not "merely dilatory or formal."  However, the Court of Appeals implicitly found that the proffered defense was not reasonable because it was "vague."  We disagree with this characterization of Bottoms' proffered defense, especially in light of the testimony received during the sentencing hearing with regard to the

15

manner in which the contracts were entered into and Bottoms'
subsequent efforts to perform the renovation work on the
church and the home.

Code § 18.2-200.1 provides in pertinent part:  "If any
person obtain from another an advance of money, . . . with
fraudulent intent, upon a promise to perform construction
. . . of any building or structure permanently annexed to real
property . . . and fail or refuse to perform such promise, and
also fail to substantially make good such advance, he shall be
deemed guilty of the larceny of such money."  It is well
established that to be guilty of construction fraud, the
defendant must have the intent to defraud at the time the
advance of money is received.  See, e.g., Holsapple v.
Commonwealth, 266 Va. 593, 602, 587 S.E.2d 561, 566 (2003);
Klink v. Commonwealth, 12 Va. App. 815, 818-19, 407 S.E.2d 5,
7 (1991).

We recognize that a defendant may possess the requisite
intent to commit construction fraud even though he begins to
perform on the contract after receiving the advance payment,
but later abandons the work.  Holsapple, 266 Va. at 601, 587
S.E.2d at 566.  Such intent may even be shown where the
contract is actually completed, but the quality of the work is
so poor that the trier of fact may infer that the defendant
entered into the contract with the deliberate, fraudulent

16

intent to render inferior performance.  Id. at 602, 587 S.E.2d at 566.  However, it is equally clear that where the Commonwealth seeks to establish that the defendant had the requisite fraudulent intent in such cases, the matter presents a question of fact to be resolved by the judge or the jury upon a full presentation of the evidence in a trial.

Bottoms asserted in the circuit court that he could rebut the Commonwealth's allegation that he was guilty of construction fraud by showing that at the time he entered into the contracts, he fully intended to perform the work, he fully performed the contract for renovation of the home, and he stopped work on the renovation of the church when it was approximately half complete merely because it was determined that he was not properly licensed to perform the work and was not following the proper building code requirements.  There is nothing "vague" or merely "formal" in the asserted defense of lack of intent to defraud.  Nor does the record support that Bottoms was dilatory in making this claim, as there is no clear indication that at the time of the guilty plea colloquy Bottoms actually understood the specific elements of the offense of construction fraud.  Rather, there was an affirmative averment that he learned of the availability of this defense only after his new counsel had performed additional research.  The asserted defense, if proven, would

17

not affirmatively establish that Bottoms was not guilty as a matter of legal impossibility, as was the case in Justus. However, the defense was sufficient under the circumstances of this case to permit Bottoms to assert that he had "a reasonable defense to be presented to the judge or jury trying the case." Justus, 274 Va. at 154, 645 S.E.2d at 289.

CONCLUSION

For these reasons, we hold that the circuit court erred in not permitting Bottoms to withdraw his guilty plea in order to have the case to go forward to trial. Accordingly, the judgment of the Court of Appeals affirming that judgment will be reversed. The case will be remanded to the Court of Appeals with instruction to remand to the circuit court where Bottoms shall be permitted to withdraw his guilty plea and the case shall proceed to trial if the Commonwealth be so advised.

Reversed and remanded.