COURT OF APPEALS OF VIRGINIA

Present:   Judges Elder, Alston and Senior Judge Coleman
Argued at Richmond, Virginia


JEANETTE T. TERRY

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 1257-11-2                      JUDGE SAM W. COLEMAN III
                                                              JUNE 12, 2012
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF MECKLENBURG COUNTY
                              Leslie M. Osborn, Judge

              Buddy A. Ward, Public Defender, for appellant.

              Jennifer C. Williamson, Assistant Attorney General (Kenneth T.
              Cuccinelli, II, Attorney General, on brief), for appellee.


        Appellant was indicted for three counts of producing child pornography, in violation of

Code § 18.2-374.1, which carries a three-year mandatory penitentiary sentence.  Pursuant to a plea

agreement, appellant entered pleas of *nolo contendere* to one count of producing child pornography

and two counts of possession of child pornography, in violation of Code § 18.2-374.1:1, which does

not require a mandatory sentence.  Prior to sentencing, appellant moved to withdraw her pleas,

alleging discovery of a substantive defense.  The trial court denied appellant's motion to withdraw

her pleas and entered judgment against her in accordance with the plea agreement.  Appellant

contends the trial court erred by denying her motion to withdraw the pleas, arguing the trial court

applied the wrong standard when ruling on the motion.  We agree and reverse the convictions.

        The Commonwealth proffered the following evidence in support of the convictions when

appellant entered her pleas of *nolo contendere*.  Brian Charity, an acquaintance and co-defendant of

---

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

appellant, had approached her about having her seventeen-year-old daughter, who was interested in modeling, pose for him to photograph her.  Charity claimed to have a sister who owned a modeling agency.  As a result, Charity and appellant's daughter drafted a document they referred to as a "contract" which contained personal information about the daughter and a list of poses.  Among the terms specified on the contract were the words "semi-nude" and "artistic nude" photographs.  At the end of the document was appellant's signature.  Thereafter, the daughter posed for several photographs, some in lingerie and others partially nude, exposing her genitals, breasts, and buttocks.

During the hearing on the motion to withdraw the *nolo contendere* pleas, the daughter testified that although she had previously testified at the preliminary hearing that the contract was complete when her mother signed it, she did not know if the references to nude photographs were on the document when her mother signed it.  The daughter testified she wrote the words on the document concerning nude photographs at Charity's direction.  The daughter stated Charity offered her $7,000 for the seminude photographs and her mother did not know about the money until sometime later.  The daughter recounted that her mother was home when Charity took the photographs, but that appellant was in and out of the room.

Appellant's son testified he was present when his mother signed the document and that Charity stated that he was going to add more to it after she signed it.  The son stated he had not provided this information to anyone because he had never been asked.  He claimed he came forward after he learned his mother pleaded "guilty" as part of a plea agreement.  Appellant's son was not present during any of the nude photographs.

Appellant testified at the hearing that any references to nude photographs were not on the document when she signed it.  Just as she had done when pleading *nolo contendere*, she asserted she did not know Charity was taking nude photographs of her daughter.  She recalled she was in the home at times and outside at other times looking after her younger child.  Appellant argued she

signed the plea agreement based on her understanding that the daughter would say the contract was complete at the time she signed it. After she accepted the plea agreement, her son disclosed his recollection about Charity stating that he would add more to it and the daughter admitted she was not sure the contract was complete when her mother signed it. The trial court ruled the discovery of a change in witness testimony was not an honest mistake of material fact and, therefore, appellant was not entitled to withdraw her pleas. The trial court conceded the difference in witness testimony "has some significance here, and I'm not saying that it doesn't have any significance," but nevertheless ruled appellant was not entitled to withdraw her pleas.

Code § 19.2-296 states, in pertinent part, "[a] motion to withdraw a plea of guilty or nolo contendere may be made only before sentence is imposed or imposition of a sentence is suspended . . . ." The code section does not provide any standard by which the trial court should consider a defendant's motion. Nevertheless, the Supreme Court of Virginia has determined that the trial court's decision should be based on the particular facts of each case and the motion should be made in good faith that a "substantive" and reasonable defense is available. See Bottoms v. Commonwealth, 281 Va. 23, 32-33, 704 S.E.2d 406, 412 (2011). "The good faith requirement 'protects the integrity of the judicial process by precluding defendants from using a guilty plea as a subterfuge to manipulate the court,' and the reasonable defense requirement 'defeats motions to withdraw which would result in an essentially futile trial.'" Hubbard v. Commonwealth, 60 Va. App. 200, 208, 725 S.E.2d 163, ___ (2012) (citation omitted).

> [W]hen the defendant makes a motion to withdraw a guilty plea prior
> to the imposition of sentence, the decision whether to grant the
> motion is committed to the discretion of the trial court, "'[b]ut such a
> discretion will rarely, if ever, be exercised in aid of an attempt to rely
> upon a merely dilatory or formal defense.'"

Justus v. Commonwealth, 274 Va. 143, 153, 645 S.E.2d 284, 288 (2007) (citation omitted).

> [However,] a timely motion to withdraw a plea of guilty should be
> granted if there is good cause to believe that "'it was entered by

mistake or under a misconception of the nature of the charge; through a misunderstanding as to its effect; through fear, fraud, or official misrepresentation; was made involuntarily for any reason; or *even where it was entered inadvisedly, if any reasonable ground is offered for going to the jury.*'"

Bottoms, 281 Va. at 34, 704 S.E.2d at 412 (citations omitted). "'[T]he least surprise or influence causing a defendant to plead guilty when he has any defense at all should be sufficient grounds for permitting a change of plea from guilty to not guilty.'" Id. at 34, 704 S.E.2d at 412 (citation omitted).

[T]he defendant seeking to withdraw a plea of guilty entered inadvisedly must assert that he will be able to present a "reasonable defense" to the trier of fact . . . while recognizing that the trial court should not use the discretion granted by the statute "in aid of an attempt to rely upon a merely dilatory or formal defense."

Id. at 34, 704 S.E.2d at 412-13 (citation omitted).

This Court recently reaffirmed these principles in Hubbard. There, the trial court denied Hubbard's motion to withdraw his guilty plea to first-degree murder, proffering his contention that his previous attorneys ill-advisedly pressured him into accepting a plea agreement when he had a reasonable defense to the charge. Hubbard testified at the hearing on the motion that he did not act with premeditation, which is an essential element of first-degree murder. However, the trial court ruled that his initial attorneys were experienced and capable and that Hubbard knowingly entered his plea of guilt. The trial court failed to consider whether the motion was made in good faith and Hubbard had a viable defense recognized by law, even when presented the precedent in Bottoms. Neither did the record indicate that Hubbard was attempting to delay or impede the administration of justice. The Hubbard Court determined the trial court did not apply the proper standard in considering the motion to withdraw the guilty plea and reversed the trial court. Hubbard, 60 Va. App. at 212, 725 S.E.2d at ___.

Here, the trial court correctly considered whether there was fraud, coercion, or misrepresentation and reasonably rejected those grounds for granting the motion to withdraw the pleas. However, the trial court then considered only whether the change in testimony was a mistake of material fact. The trial court rejected appellant's argument that a reasonable defense was sufficient grounds for granting the motion to withdraw the pleas, although it is clear from cases such as Justus, Bottoms, and Hubbard, that such grounds are sufficient cause to grant the motion. Further, the trial court recognized that the change in the daughter's testimony, in addition to the son's testimony, had "some significance" in the case and the trial court did not reject the testimony outright as being inherently incredible. As the Hubbard Court noted, "[t]he issue is not whether a court thinks a jury or factfinder would necessarily accept the defense, but rather whether the proffered defense is one that the law would recognize as such *if* the factfinder found credible the facts supporting it." Id. at 210, 725 S.E.2d at ___.

Nothing in the record demonstrates appellant was attempting to manipulate the trial court or was engaging in any subterfuge. That appellant entered pleas of *nolo contendere*, thereby not admitting any guilt but conceding the sufficiency of the evidence as she knew it to be at the time of her pleas, goes to her good faith. The proffered defense that the terms "artistic nude" and "semi-nude" were not on the document at the time she signed it is a substantive defense recognizable by law, and not formal or dilatory. It is for a factfinder, judge or jury, to determine its weight and success. Therefore, the evidence established the trial court failed to apply the proper standard in ruling on appellant's motion. Appellant timely presented, in good faith, a reasonable, substantive defense that was not merely dilatory or formal in nature.

Accordingly, the trial court erred in denying appellant's motion to withdraw her pleas of *nolo contendere* and the trial court's judgment is reversed. The case shall be remanded to the trial

court, whereupon appellant will be permitted to withdraw her pleas and the case shall proceed to

trial if the Commonwealth be so advised.[1]

Reversed and remanded.

---

[1] Appellant entered her pleas pursuant to a plea agreement. Upon appealing the judgment of the trial court, she has breached that agreement and the Commonwealth may reinstate the original charges, if deemed appropriate. <u>See</u> <u>Peterson v. Commonwealth</u>, 5 Va. App. 389, 400, 368 S.E.2d 440, 447 (1987).