UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Huff, Judges Petty and McCullough
Argued by teleconference

MATTHEW RAYMOND SHROPSHIRE

                MEMORANDUM OPINION* BY
v.  Record No. 0536-14-3     CHIEF JUDGE GLEN A. HUFF
                 MARCH 24, 2015

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
F. Patrick Yeatts, Judge

E. Gordon Peters, Jr. (Eric G. Peters Law Office, on brief), for
appellant.

Leah A. Darron, Senior Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.


Matthew Raymond Shropshire ("appellant") appeals a ruling of the Circuit Court of the

City of Lynchburg ("trial court") that denied appellant's motion to withdraw his plea of no

contest. On appeal, appellant contends that "[t]he trial court abused its discretion in denying

[appellant's] motion to withdraw his guilty plea." For the following reasons, this Court affirms

the judgment of the trial court.

I. BACKGROUND

On appeal, "'we consider the evidence and all reasonable inferences flowing from that

evidence in the light most favorable to the Commonwealth, the prevailing party at trial.'"

Williams v. Commonwealth, 49 Va. App. 439, 442, 642 S.E.2d 295, 296 (2007) (en banc)

(quoting Jackson v. Commonwealth, 267 Va. 666, 672, 594 S.E.2d 595, 598 (2004)). So viewed,

the evidence is as follows.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

On February 2, 2011, appellant obtained a loan from Loan Max Title Loans in Roanoke, Virginia using his 2001 Ford F150 as collateral. Upon obtaining the loan, he surrendered the title to the vehicle to Loan Max Title Loans. Five days later, appellant went to the Department of Motor Vehicles and applied for a replacement title, noting in his application that the original title had been "lost." The DMV issued appellant a replacement title. That same day, appellant went to Fast Auto Loans in Lynchburg, Virginia where he obtained an $1100 loan using the replacement title as collateral. Additionally, in his loan application with Fast Auto Loans, appellant indicated that he lived at an address that he had not lived at for "some months." Fast Auto Loans' manager asserted that she would not have given appellant the second loan had she known that the vehicle was subject to a prior lien.

Appellant was indicted on one count of obtaining money by false pretenses, in violation of Code § 18.2-178, and one count of obtaining DMV documents by fraud, in violation of Code § 46.2-605. On May 21, 2013, appellant entered a plea of no contest on the false pretenses charge. In exchange, the Commonwealth moved to *nolle prosequi* the obtaining DMV documents by fraud charge. There was no agreement as to sentencing. The trial court granted the Commonwealth's motion and, after an extensive plea colloquy in which appellant asserted that he was entering his plea "freely and voluntarily,"[1] accepted appellant's plea.

---

[1] During the colloquy, appellant also asserted that he "fully understood what [he was] be[ing] charged with," that he "had enough time to talk with [his] attorney about any possible defenses," that no one "forced or threatened" him to enter his plea, that by entering a "no contest" plea he was forfeiting his "constitutional rights . . . to a jury trial, the right to confront and cross examine the Commonwealth's witnesses . . . , and the right to remain silent about the facts surrounding these charges." Additionally, appellant asserted that he did not "have any mental or physical conditions that would affect [his] ability to understand [the] proceedings or questions" asked by the trial court and that he was not taking any medication that would affect his ability to understand the proceedings. Finally, appellant asserted that he was "satisfied with the services of [his] attorney" and that he had "answered all [the trial court's] questions truthfully."

Nine months later, after receiving the pre-sentencing report and sentencing guidelines, appellant filed a motion to withdraw his plea. In his motion, appellant asserted that contrary to his testimony during the colloquy, he was taking "medication that was affecting his ability to understand the proceedings and make decisions" on the day he entered his no contest plea. Additionally, appellant asserted that his previous attorney, who had since been granted leave to withdraw from appellant's case in January 2012, told appellant that "if he were to plead guilty he would be receiving no active incarceration."

At the March 12, 2014 hearing on appellant's motion to withdraw his plea, appellant testified that he had been released from a psychiatric facility the day before he entered his plea and was taking medication that affected "to an extent" his ability to understand the proceedings. Additionally, appellant testified that his former counsel had advised him not to tell the trial court that he had just been released from a psychiatric facility and was under the influence of medication. Appellant testified that he did not have contact with his former counsel until the morning of the hearing, at which point he informed his counsel that he was "somewhat foggy and wasn't exactly sure [he] was ready to proceed." Finally, appellant testified that he made the decision to enter a no contest plea based upon his former counsel's statements that doing so would result in no active incarceration.

After appellant's testimony, appellant's counsel argued that appellant had an honest mistake of material fact regarding his belief that if he pleaded no contest he would receive no active incarceration. Continuing, counsel represented that if allowed to withdraw his plea, appellant would enter a not guilty plea and testify at trial that he was given incorrect information from a Fast Auto Loans employee regarding how to obtain a second lien on his title. Specifically, appellant would testify that an employee of Fast Auto Loans told him to get a replacement title from DMV and that they "would put a lien on it." As a result, appellant would

- 3 -

argue at trial that he lacked an intent to defraud, which is necessary to support a conviction for obtaining money by false pretenses. Additionally, appellant asserted that if his case went to trial, he would argue that no "false pretense" actually occurred because appellant "took a proper DMV document into [the Fast Auto Loans] in Lynchburg," which was able to place a lien on the replacement title.

After hearing argument from counsel, the trial court denied appellant's motion to withdraw his no contest plea. This appeal followed.

## II. ANALYSIS

On appeal, appellant contends that the trial court abused its discretion by denying his motion to withdraw his plea. Specifically, appellant argues that he inadvisedly entered his plea under the honest, but mistaken, belief that he would receive no active incarceration. Additionally, appellant argues that if allowed to withdraw his no contest plea, he would argue at trial that he lacked the necessary intent to support a conviction for obtaining money by false pretenses.

The decision to allow a defendant to withdraw his guilty plea rests "within the sound discretion of the trial court and is to be determined by the facts and circumstances of each case." Parris v. Commonwealth, 189 Va. 321, 324, 52 S.E.2d 872, 873 (1949). "'As in other cases of discretionary power, no general rule can be laid down as to when a defendant will be permitted to withdraw his plea.'" Zigta v. Commonwealth, 38 Va. App. 149, 153, 562 S.E.2d 347, 349 (2002) (quoting Parris, 189 Va. at 325, 52 S.E.2d at 874). Appellate review under an abuse of discretion standard, "if nothing else, means that the trial judge's 'ruling will not be reversed simply because an appellate court disagrees.'" Thomas v. Commonwealth, 44 Va. App. 741, 753, 607 S.E.2d 738, 743 (internal quotation omitted), adopted upon reh'g en banc, 45 Va. App. 811, 613 S.E.2d 870 (2005). "Only when reasonable jurists could not differ can we say an abuse

of discretion has occurred." Tynes v. Commonwealth, 49 Va. App. 17, 21, 635 S.E.2d 688, 689 (2006).

Code § 19.2-296 provides that

> [a] motion to withdraw a plea of guilty or nolo contendere may be made only before sentence is imposed or imposition of a sentence is suspended; but to correct manifest injustice, the court within twenty-one days after entry of a final order may set aside the judgment of conviction and permit the defendant to withdraw his plea.

The "Supreme Court in Parris v. Commonwealth, 189 Va. 321, 52 S.E.2d 872 (1949), made the 'seminal statement' of Virginia law governing 'the denial by a trial court of a motion to withdraw a guilty plea.'" Williams v. Commonwealth, 59 Va. App. 238, 245, 717 S.E.2d 837, 840 (2011) (quoting Justus v. Commonwealth, 247 Va. 143, 152, 645 S.E.2d 284, 288 (2007)). In Parris, the Supreme Court held that a timely motion should not be denied "if it appears from the surrounding circumstances that the plea of guilty was submitted in good faith under an honest mistake of material fact or facts, or if it was induced by fraud, coercion or undue influence and would not otherwise have been made" so long as "any reasonable ground is offered for going to the jury." Parris, 189 Va. at 324-25, 52 S.E.2d at 873-74. To warrant withdrawal of a guilty plea, therefore, a defendant's motion must be "'made in good faith and sustained by proofs'" justifying a trial on the merits. Justus, 274 Va. at 153-54, 645 S.E.2d at 288 (quoting Parris, 189 Va. at 325-26, 52 S.E.2d at 874).

Accordingly, "[t]he Parris standard . . . requires [a] defendant (i) to establish a good-faith basis for making the guilty plea and later seeking to withdraw it, and (ii) to proffer evidence of a reasonable basis for contesting guilt." Cobbins v. Commonwealth, 53 Va. App. 28, 34, 668 S.E.2d 816, 819 (2008) (citing Justus, 274 Va. at 155-56, 645 S.E.2d at 289-90). "The first requirement protects the integrity of the judicial process by precluding defendants from using a

guilty plea as a subterfuge to manipulate the court.  The second requirement defeats motions to

withdraw which would result in an essentially futile trial."  Cobbins, 53 Va. App. at 34, 668

S.E.2d at 819.  In other words,

> the proper standard requires the court to determine only whether,
> based on the facts and circumstances of the particular case, the
> motion to withdraw a guilty plea is being made in good faith and is
> premised upon a reasonable basis that the defendant can present
> substantive, and not merely dilatory or formal, defenses to the
> charges.

Bottoms v. Commonwealth, 281 Va. 23, 32-33, 704 S.E.2d 406, 414 (2011) (citing Justus, 274

Va. at 155-56, 645 S.E.2d at 290).

In the present case, this Court assumes without deciding that appellant's no contest plea

was inadvisedly entered in good faith based upon an honest, but mistaken, belief that he would

receive no active incarceration.[2]  Nevertheless, this Court affirms the trial court's denial of

appellant's motion to withdraw his plea because appellant failed to proffer evidence of a

reasonable defense to justify a trial on the merits.

---

[2] On brief, the Commonwealth argues that appellant's testimony at the hearing on his
motion to withdraw his plea fails to establish that his no contest plea was entered in good faith.
Specifically, the Commonwealth points to appellant's statements during the plea colloquy that
suggest that he was fully aware of the potential consequences of his plea, including active
incarceration.  Nevertheless, the Supreme Court has stated "that reliance upon 'admissions made
by a defendant in a guilty plea and the attendant colloquy . . . is misplaced in the context of a
Code § 19.2-296 motion to withdraw a guilty plea prior to sentencing.'"  Bottoms, 281 Va. at 33,
704 S.E.2d at 412 (quoting Justus, 247 Va. at 154, 645 S.E.2d at 289).

> This is so because "when the case remains within the jurisdiction
> of the trial court to permit the withdrawal of a guilty plea, the
> presumptions that would favor the Commonwealth in a habeas
> proceeding," where the plea is presumed to be valid and is not to
> be lightly set aside, "simply do not apply."

Id.; but see Pritchett v. Commonwealth, 61 Va. App. 777, 792 n.8, 739 S.E.2d 922, 929 n.8
(2013) (holding that a trial court may "consider" a "defendant's answer to the Rule 3A:8(c)(2)
question" during a guilty plea colloquy in the context of a motion to withdraw a guilty plea).

"A 'reasonable defense' . . . is one based upon a proposition of law, see Justus, 274 Va. at 155, 645 S.E.2d at 289 (defendant 'could not be guilty of breaking and entering her own home'), or one supported by credible testimony, . . . , see Parris, 189 Va. at 324, 52 S.E.2d at 873." Williams, 59 Va. App. at 249, 717 S.E.2d at 842. Appellant correctly notes that a conviction for obtaining money by false pretenses, in violation of Code § 18.2-178, requires proof of intent to defraud. Continuing, appellant asserts that he would argue at trial that he lacked the necessary intent to defraud because an employee of Fast Auto Loans informed him that the process of getting a second title loan was to apply for a replacement title at the DMV and then bring this replacement title in to serve as collateral for the new loan.

This does not constitute a "'reasonable defense,'" however, because it is not "based upon a proposition of law . . . or . . . supported by credible testimony." Id. Specifically, appellant's proffered testimony is not credible because it is contrary to the balance of the evidence in the record. First, the manager of Fast Auto Loans testified that appellant would not have received the second loan had she known that a prior lien was on the vehicle. Second, on the application for a replacement title at the DMV, appellant wrote that he was seeking a new title because he had "lost" the original, not because he was seeking a second title loan. Accordingly, appellant's proffered testimony seeking to establish that he lacked the necessary intent to defraud cannot be considered "credible." Id.

As an alternate defense, appellant asserts that if the case went to trial, he would argue that no "false pretense" actually occurred in Lynchburg, as is required to sustain a conviction under Code § 18.2-178. Specifically, he argues that there was no "false pretense" because Fast Auto Loans "was able to obtain a lien on the title that [appellant] brought to them, which was a proper document that he received from the DMV." This argument, however, ignores the fact that the manager of the Fast Auto Loans asserted that appellant would not have received the second loan

had Fast Auto Loans known the title had a prior lien on it. Indeed, appellant presented the replacement title to Fast Auto Loans, thereby falsely indicating that there was no prior lien on the vehicle, to receive a second loan. These circumstances constitute a "false pretense" as is required by Code § 18.2-178 despite the fact that Fast Auto Loans was able to place a lien on the replacement title. As such, appellant failed to demonstrate a reasonable defense to justify a trial on the merits.

### III.  CONCLUSION

Therefore, this Court affirms the trial court's denial of appellant's motion to withdraw his no contest plea because appellant has failed to proffer evidence of a reasonable basis for contesting guilt.

<u>Affirmed.</u>