COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Beales, Huff and Malveaux
Argued at Fredericksburg, Virginia


LAWRENCE WOOD, JR.

                                                        MEMORANDUM OPINION* BY
v.        Record No. 1089-21-4                    JUDGE MARY BENNETT MALVEAUX
                                                                JUNE 7, 2022
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF RAPPAHANNOCK COUNTY
James P. Fisher, Judge

David W. Walls, Deputy Public Defender, for appellant.

Lindsay M. Brooker, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.


        Pursuant to his guilty pleas, the trial court convicted Lawrence Wood, Jr. ("appellant") of

one count each of felony and misdemeanor delivery of a bad check, in violation of Code § 18.2-181,

and four counts each of felony larceny of a check, in violation of Code § 18.2-98; felony forgery of

a check, in violation of Code § 18.2-170; felony uttering of a forged check, in violation of Code

§ 18.2-170; and felony obtaining money by false pretense, in violation of Code § 18.2-178.  The

trial court further convicted appellant of construction fraud, in violation of Code § 18.2-200.1, for

which offense appellant had entered a plea of not guilty.  On appeal, appellant challenges the

sufficiency of the evidence to sustain his conviction for construction fraud.  In addition, he argues

that the trial court abused its discretion by imposing a sentence for all his convictions that exceeded

the sentencing guidelines.  We hold that the evidence was sufficient to sustain appellant's

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

conviction for construction fraud and that the trial court's imposition of sentence represents a proper exercise of its discretion. Accordingly, we affirm the trial court's judgment.

## I. BACKGROUND

"In accordance with familiar principles of appellate review, the facts will be stated in the light most favorable to the Commonwealth, the prevailing party at trial." *Gerald v. Commonwealth*, 295 Va. 469, 472 (2018) (quoting *Scott v. Commonwealth*, 292 Va. 380, 381 (2016)). In doing so, we discard any of appellant's conflicting evidence, and regard as true all credible evidence favorable to the Commonwealth and all inferences that may reasonably be drawn from that evidence. *Id.* at 473.

On January 15, 2020, Megan Smith and appellant met to discuss a renovation project at Smith's Rappahannock County home. On that date, appellant and Smith wrote a proposal for appellant to remove a landing and steps outside Smith's kitchen and build a sunroom with screened windows and sliding doors. The contract called for Smith to pay appellant $16,500 as a down payment on the project. Appellant "said he was a contractor," so Smith thought he had a contractor's license. Smith signed the contract on February 13, 2020, and she paid appellant $16,500 by check on March 3, 2020. Appellant cashed Smith's check.

When Smith returned home from out of town on March 17, 2020, she found that appellant had done nothing on the project. Smith called to ask appellant "what was going on." Appellant replied that he "was working on it."

Two weeks later, appellant and two men appeared at Smith's home and, for one day, dug postholes and filled them with cement. At some point after that, appellant demolished the landing and steps at Smith's home, but he performed no other work on the sunroom project.

After learning that appellant had a reputation for not performing construction work in a timely manner and that he had recently been incarcerated, Smith panicked and asked appellant to

return her money. Appellant said, "Oh, that money is long gone," and chuckled. When Smith pressed appellant further, he claimed to have receipts for materials he had purchased for the sunroom project using Smith's money. Eventually, Smith learned from county officials that Tony Dyer, whom she did not know, was listed as the licensed contractor on her job's building permit.

Appellant had told Smith that Cherry Street Building Supply had delivered the wood and windows for her project to his address. Smith visited that address on May 21, 2020. Appellant's landlord opened a storage facility on the property, but no building materials were inside. Appellant later called Smith and claimed that the materials were in a storage facility behind the one she had visited. Smith testified that she "found out later that there was no other storage facility on the property."

After months of repeatedly asking appellant for receipts for building materials for her project, Smith met with appellant and Dyer on July 24, 2020. Appellant showed Smith what he claimed to be a list of items purchased from Cherry Street Building Supply using Smith's down payment. However, the documents appellant showed Smith were not "paid receipts" but merely price quotations for specific materials. Cherry Street Building Supply had not delivered any such materials to appellant. At Smith's insistence, appellant also produced the building permit application, which he had only partially completed.

On September 2, 2020, Smith told appellant that her "patience [wa]s wearing thin," and she demanded to see receipts, supplies, or some form of completed work from appellant. She also demanded that appellant return her money, and he agreed. On September 5, 2020, appellant gave Smith a check for $16,500; the check was returned unpaid because the bank account upon which it was drawn had been closed.

After contacting the police, Smith sent appellant a written demand for her money by registered mail. Appellant never repaid Smith any of her money. Smith testified that she had called, emailed, and texted appellant almost every day for six months, and he "was pretty good responding with excuses, but then he wouldn't show up when he said he was going to."

In finding appellant guilty of construction fraud, the trial court concluded that the Commonwealth had presented "a powerful case of [his] guilt with respect to all of the elements" of the offense. The trial court sentenced appellant to two years' imprisonment for each of his eighteen felony convictions and twelve months in jail for his misdemeanor conviction, for a total of thirty-seven years of incarceration.

This appeal followed.

## II. ANALYSIS

### A. Sufficiency of the Evidence

Appellant argues that the Commonwealth's evidence was insufficient to prove that he had the intent to defraud Smith.

"On review of the sufficiency of the evidence, 'the judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it.'" *Ingram v. Commonwealth*, 74 Va. App. 59, 76 (2021) (quoting *Smith v. Commonwealth*, 296 Va. 450, 460 (2018)). "The question on appeal, is whether 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Id.* (quoting *Yoder v. Commonwealth*, 298 Va. 180, 182 (2019)). "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'" *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018) (quoting *Banks v. Commonwealth*, 67 Va. App. 273, 288 (2017)).

To establish the crime of construction fraud under Code § 18.2-200.1, the Commonwealth was required to prove, among other elements, that appellant possessed "fraudulent intent at the time the advance [of funds] was obtained."[1] *McCary v. Commonwealth*, 42 Va. App. 119, 126 (2003). *See also Bottoms v. Commonwealth*, 281 Va. 23, 35 (2011) ("It is well established that to be guilty of construction fraud, the defendant must have the intent to defraud at the time the advance of money is received."). "The '[i]ntent to defraud means that the defendant intends to deceive another person, and to induce such other person, in reliance upon such deception, to assume, create, transfer, alter or terminate a right, obligation or power with reference to property.'" *Warner v. Commonwealth*, 30 Va. App. 141, 146 (1999) (quoting *Sylvestre v. Commonwealth*, 10 Va. App. 253, 258-59 (1990)). "In construction fraud cases, as in all other fraud cases, fraudulent intent can be inferred from 'the conduct and representations of the defendant.'" *Dennos v. Commonwealth*, 63 Va. App. 139, 145 (2014) (quoting *Rader v. Commonwealth*, 15 Va. App. 325, 329 (1992)). This is so because "intent is a secret operation of the mind." *Austin v. Commonwealth*, 60 Va. App. 60, 66 (2012) (quoting *Orr v. Commonwealth*, 229 Va. 298, 301 (1985)). "Circumstances implying fraudulent intent include a contractor's false statements, . . . subsequent failure to perform the work, . . . failure to use the advanced funds to purchase supplies or to hire needed labor, . . . efforts to avoid communicating with the homeowner, . . . and refusal to return the advanced funds . . . ." *Dennos*, 63 Va. App. at 145-46. "[W]hether the required intent exists is generally a question of fact for the trier of fact." *Brown v. Commonwealth*, 68 Va. App. 746, 787 (2018) (quoting *Nobles v. Commonwealth*, 218 Va. 548, 551 (1977)).

---

[1] Appellant does not challenge the sufficiency of the evidence to prove the remaining elements of construction fraud under Code § 18.2-200.1.

"It is apparent from reason and common sense that construction fraud can occur despite the fact that a builder or contractor begins to perform on the contract." *Holsapple v. Commonwealth*, 266 Va. 593, 601 (2003) (quoting *Holsapple v. Commonwealth*, 39 Va. App. 522, 537 (2003) (*en banc*)). "The relevant question is whether a builder or contractor obtained an advance based upon future work promised with a fraudulent intent not to perform or to perform only partially, not whether the contractor had performed work for which he was paid." *Id.* at 601-02 (quoting *Holsapple*, 39 Va. App. at 537).

In the instant case, appellant's actions and statements proved he intended to defraud Smith when he accepted her down payment. After leading her to believe that he was a licensed contractor, appellant reached an agreement with Smith for him to build a sunroom at her home, although they did not sign the agreement until a month later. On March 3, 2020, Smith gave appellant a check for the $16,500 down payment, which he cashed. When Smith became suspicious because the project was at a standstill and asked about her money, appellant chuckled and said the money was "long gone." During the months that followed, appellant made numerous false statements to Smith about performing the job, ordering materials for the project, and storing the non-existent building supplies that Smith's money had supposedly purchased. Although appellant dug some holes at Smith's property and demolished the landing and steps, he performed no further work on the job and provided no excuse for his failure to complete the project. After repeated demands for return of her money, appellant gave Smith a check for the down payment amount, but it was returned unpaid because his bank account had been closed. Appellant did not respond to Smith's written demand for a refund, and he never repaid Smith any of her money. Considering these facts and circumstances, a reasonable finder of fact could conclude beyond a reasonable doubt that appellant possessed fraudulent intent when he accepted Smith's down payment and that he was guilty of construction fraud.

B. Appellant's Sentence

Appellant argues that the trial court abused its discretion in sentencing him to thirty-seven years' incarceration, which he contends exceeded the calculated sentencing guidelines.

"We review the trial court's sentence for abuse of discretion." *Scott v. Commonwealth*, 58 Va. App. 35, 46 (2011). "[W]hen a statute prescribes a maximum imprisonment penalty and the sentence does not exceed that maximum, the sentence will not be overturned as being an abuse of discretion." *Du v. Commonwealth*, 292 Va. 555, 564 (2016) (quoting *Alston v. Commonwealth*, 274 Va. 759, 771-72 (2007)).

"The sentencing guidelines are advisory only and do not require trial courts to impose specific sentences." *Runyon v. Commonwealth*, 29 Va. App. 573, 577-78 (1999). "[T]he recommended sentencing ranges contained in these discretionary guidelines are not binding on the trial judge but, rather, are mere tools to be used by the judge in fixing an appropriate sentence within the limitations established by the statute governing punishment for the particular crime." *Luttrell v. Commonwealth*, 42 Va. App. 461, 465 (2004). A judge's failure to follow the sentencing guidelines "shall not be reviewable on appeal or the basis of any other post-conviction relief." Code § 19.2-298.01(F). Accordingly, we may only consider whether the sentence fell outside the permissible statutory range.[2] *See Smith v. Commonwealth*, 26 Va. App. 620, 626 (1998); *Valentine v. Commonwealth*, 18 Va. App. 334, 339 (1994).

---

[2] We note that the trial court explained its reasoning for its upward departure from the guidelines. In reviewing appellant's lengthy criminal record, which dated back to 1994 and involved numerous crimes of fraud and larceny, the court noted that appellant had prior convictions in Culpeper, Page, Rappahannock, Madison, Greene, Orange, Warren, Spotsylvania, and Frederick Counties. The court then wrote that the "[g]uidelines fail to account for [the] concept of restraint of longstanding predatory-style criminal behavior[,] decades long victimization of citizens of the Commonwealth, [and] probable future risk to innocent persons."

The two-year sentences that the trial court imposed for each of appellant's eighteen felony convictions, and the twelve-month sentence for the misdemeanor conviction, were each within the statutory ranges set by the legislature. *See* Code §§ 18.2-10(d) and (f), -11(a), -98, -170, -178, -181, and -200.1. Accordingly, the trial court did not abuse its discretion in determining appellant's sentence, and we do not disturb the trial court's ruling.

## III. CONCLUSION

For the foregoing reasons, we hold that the evidence was sufficient to prove appellant's guilt of construction fraud and that the trial court did not abuse its discretion in sentencing appellant. However, we note that there is an apparent scrivener's error in the trial court's February 10, 2021 order accepting appellant's guilty pleas and the September 28, 2021 sentencing order. Both orders erroneously state that in matter CR21-17, appellant was convicted of uttering check #232, rather than forging check #228, as charged in the indictment. Thus, we affirm appellant's convictions, but remand the case to the trial court for the limited purpose of correcting the errors in the two orders pursuant to Code § 8.01-428(B).

*Affirmed and remanded.*