COURT OF APPEALS OF VIRGINIA

Present:   Judges Kelsey, McCullough and Senior Judge Clements
Argued at Chesapeake, Virginia


WALTER D. BOOKER, JR.

v.      Record No. 1730-11-1

COMMONWEALTH OF VIRGINIA                      OPINION BY
                                     JUDGE STEPHEN R. McCULLOUGH
                                          DECEMBER 18, 2012

WALTER DELANY BOOKER, JR.

v.      Record No. 1916-11-1

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
Johnny E. Morrison, Judge

Barrett R. Richardson (Richardson and Rosenberg, LLC., on briefs),
for appellant.

Robert H. Anderson, III, Senior Assistant Attorney General
(Kenneth T. Cuccinelli, II, Attorney General, on briefs), for appellee.


In these consolidated appeals we consider whether the court below erred in denying

Walter D. Booker, Jr.'s motion to set aside his guilty plea and, if so, whether we must set aside

the order of the trial court revoking the entirety of his suspended sentence from a prior offense.

We find no error and affirm.

## BACKGROUND

Appellant was charged with possession of heroin with the intent to distribute, third

offense, possession of a firearm while in possession of heroin with the intent to distribute, and

possession of a firearm as a convicted felon.  The maximum sentencing exposure for these

charges is life plus 10 years.  See Code § 18.2-248(C), Code § 18.2-308.4(C), Code

§ 18.2-308.2(A). In addition, the charge for possession of a firearm while possessing heroin with the intent to distribute carries a mandatory minimum of five years in prison. See Code § 18.2-308.4(C). The charge for possession of a firearm by a convicted felon carries a mandatory minimum of two years in prison for persons like appellant who were convicted of a felony within the past 10 years. Code § 18.2-308.2(A). Finally, the charge of distributing illegal drugs, third offense, carries a mandatory minimum of 10 years in prison. Code § 18.2-248(C).

Appellant pled guilty pursuant to a written plea agreement. In exchange for his guilty plea, the prosecution agreed to *nolle prosequi* the two firearm charges and to reduce the drug distribution charge from a third offense to a first offense. This agreement meant that appellant faced a possible maximum of 40 years in prison rather than life plus 10 years and that he no longer faced a mandatory minimum sentence. See Code § 18.2-248(A). Appellant signed the plea acceptance form.

Following the customary detailed colloquy with appellant, the court accepted the plea. The prosecution proffered that during a homicide investigation, police searched a residence leased by Natasha Reid. In Ms. Reid's bedroom, police uncovered nine capsules of heroin in a plastic baggie, 100 empty capsules, two strainers, a razor blade, a 45-caliber handgun, and $5,000 in currency. Reid and appellant both admitted that he was staying with Reid at this residence. Personal paperwork belonging to Booker was recovered in the same drawer where the heroin was found. Appellant's DNA was on the gun. The prosecution would have offered evidence that the items recovered in connection with the drugs were inconsistent with personal use.

On the morning of sentencing, approximately five months after his guilty plea, appellant verbally informed the court that he wished to withdraw his guilty plea. Appellant offered the following explanation:

Well, Your Honor, at the time I was under a lot of duress and advisement that it would be in my best interest to plead guilty to first offense, Your Honor, and at the same time I feel that it was circumstantial evidence that was against me being I was not at the scene of the crime. It was other individuals and no items were found on my person, nor around me. I don't think I should plead guilty to something that I really didn't do. I don't feel that; so under those circumstances, Your Honor, I want to withdraw my plea.

To this explanation, defense counsel added that he had advised appellant "very strongly" to accept the plea, stating that he "thought it was a reasonable plea." Counsel stated that he advised appellant that there was a real possibility that appellant would be found guilty based on the evidence. Counsel also stated that he reviewed the prosecution's plea offer with appellant, that it was appellant's choice, and that counsel "told him whatever his choice is it's a choice I would support."

The court denied appellant's motion to withdraw his guilty plea. The court then sentenced appellant to fifteen years with twelve years suspended. The court also revoked eight years of a previously suspended sentence for possession of cocaine with the intent to distribute. One of the conditions of appellant's previously suspended sentence was that he obey all federal and state laws.

ANALYSIS

We review a trial court's decision to deny a defendant's motion to withdraw a guilty plea prior to sentencing under an abuse of discretion standard. Parris v. Commonwealth, 189 Va. 321, 324, 52 S.E.2d 872, 873 (1949). See also Hubbard v. Commonwealth, 60 Va. App. 200, 206, 725 S.E.2d 163, 166 (2012).[1]

---

[1] Appellant makes no claim that the trial court employed an incorrect standard in assessing appellant's request to withdraw his guilty plea. Accordingly, we confine our analysis to the abuse of discretion standard.

- 3 -

I.  THE TRIAL COURT PROPERLY DENIED APPELLANT'S MOTION TO WITHDRAW HIS GUILTY PLEA.

Guilty pleas offer advantages both for the criminal justice system and for the accused.

> Disposition of charges after plea discussions is not only an essential part of the process but a highly desirable part for many reasons.  It leads to prompt and largely final disposition of most criminal cases; it avoids much of the corrosive impact of enforced idleness during pretrial confinement for those who are denied release pending trial; it protects the public from those accused persons who are prone to continue criminal conduct even while on pretrial release; and, by shortening the time between charge and disposition, it enhances whatever may be the rehabilitative prospects of the guilty when they are ultimately imprisoned.

Santobello v. New York, 404 U.S. 257, 261 (1971).  In addition, guilty pleas conserve limited

governmental resources, spare victims the ordeal of a trial, and secure for many defendants a

more lenient sentence than they would have obtained if they had proceeded to trial.  Therefore, it

is not surprising that an overwhelming majority of criminal cases are disposed of by a guilty

plea.  In 2011, approximately 90% of all felony cases in Virginia were resolved by guilty pleas.

Virginia Criminal Sentencing Commission, 2011 Annual Report, at 25.

Although guilty pleas are common, they are not to be approached lightly.  A guilty plea is

an "admission by [the defendant] of a solemn character."  Bannister v. Mitchell, 127 Va. 578,

583, 104 S.E. 800, 801 (1920).  See also Brady v. United States, 397 U.S. 742, 748 (1970) ("[A]

guilty plea is a grave and solemn act . . . .").

> [A] voluntary and intelligent plea of guilty by an accused is, in reality, a self-supplied conviction authorizing imposition of the punishment fixed by law.  It is a waiver of all defenses other than those jurisdictional, effective as such not only in the lower court but as well in this Court.

Peyton v. King, 210 Va. 194, 196, 169 S.E.2d 569, 571 (1969).  The United States Supreme

Court in Tollett v. Henderson, 411 U.S. 258, 267 (1973), described guilty pleas as

> a break in the chain of events which has preceded it in the criminal process.  When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is

- 4 -

charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

Because of the grave consequences that flow from a guilty plea, Virginia courts engage defendants in a detailed colloquy to ensure that the plea is voluntary, that the defendant understands its consequences, that he is aware of the constitutional rights he is waiving by entering the plea, and that the defendant is satisfied with his attorney. See Benchbook Comm., Virginia Criminal Benchbook for Judges and Lawyers App.-13 (2011-2012 ed.) (containing "Suggested Questions to Be Put by the Court to an Accused Who Has Pleaded Guilty or Nolo Contendere").

Ordinarily, the assistance of a capable attorney combined with the detailed questions propounded by the court secures a knowing and voluntary guilty plea. Despite these safeguards, due to a variety of circumstances, some defendants clearly should be allowed to withdraw from a guilty plea. For example, a guilty plea might be entered into in good faith but "under an honest mistake of material fact or facts, or [as a result of] fraud, coercion or undue influence . . . ." Parris, 189 Va. at 324, 52 S.E.2d at 873. Forcing individuals in these circumstances to seek to set aside a guilty plea through collateral review proceedings would ill serve the ends of justice. A petitioner seeking to set aside a guilty plea in a habeas corpus case faces a daunting challenge. He is not automatically entitled to the assistance of counsel. See Darnell v. Peyton, 208 Va. 675, 677-78, 160 S.E.2d 749, 751 (1968). The statements the habeas petitioner has made at a guilty plea colloquy present a considerable obstacle to setting aside the plea. Anderson v. Warden, 222 Va. 511, 515, 281 S.E.2d 885, 888 (1981). Obtaining relief in federal habeas proceedings is even more difficult. See Blackledge v. Allison, 431 U.S. 63, 73-74 (1977) (noting that in federal habeas review, "the representations of the defendant, his lawyer, and the prosecutor at such a hearing, as well as any findings made by the judge accepting the plea, constitute a formidable

barrier in any subsequent collateral proceedings"). The delay engendered by habeas proceedings also can frustrate both the accused and the prosecution, should a trial ultimately prove necessary. Therefore, collateral proceedings do not provide a satisfactory mechanism for persons who should be allowed to set aside their guilty pleas.

In the absence of express statutory guidance,[2] the Supreme Court has fashioned a standard that balances the need to allow some defendants to withdraw their guilty pleas. Although cautioning that "[n]o fixed or definite rule applicable to and determinative of all cases can be laid down," the Court in Parris set forth some criteria to guide lower courts. 189 Va. at 324, 52 S.E.2d at 873. As a threshold matter, the Supreme Court has made clear, the motion to withdraw the guilty plea must be "duly made in good faith and sustained by proofs." Id. at 324-25, 52 S.E.2d at 873-74.

As to the grounds for the motion, a guilty plea can be set aside if it was entered into "under an honest mistake of material fact or facts, or if it was induced by fraud, coercion or undue influence and would not otherwise have been made." Id. at 324, 52 S.E.2d at 873. The Court observed that

> The least surprise or influence causing a defendant to plead guilty
> when he has any defense at all should be sufficient grounds for
> permitting a change of plea from guilty to not guilty. Leave should
> ordinarily be given to withdraw a plea of guilty if it was entered by
> mistake or under a misconception of the nature of the charge;
> through a misunderstanding as to its effect; through fear, fraud, or
> official misrepresentation; was made involuntarily for any reason;

---

[2] No statute governs the standard by which courts should assess motions to withdraw a guilty plea made before sentencing. Code § 19.2-296 governs motions to withdraw that are made after a sentence has been imposed. That statute provides that

> [a] motion to withdraw a plea of guilty or nolo contendere may be
> made only before sentence is imposed or imposition of a sentence
> is suspended; but to correct manifest injustice, the court within
> twenty-one days after entry of a final order may set aside the
> judgment of conviction and permit the defendant to withdraw his
> plea.

> or even where it was entered inadvisedly, if any reasonable ground
> is offered for going to the jury.

Id. at 325, 52 S.E.2d at 874.

With respect to a defense that the accused tenders in support of a motion to withdraw the guilty plea, the Court in Justus v. Commonwealth, 274 Va. 143, 154, 645 S.E.2d 284, 289 (2007), held that "the motion should be granted even if the guilty plea was merely entered 'inadvisedly' when the evidence supporting the motion shows that there is a reasonable defense to be presented to the judge or jury trying the case." Trial courts should not, however, permit a plea to be withdrawn "in aid of an attempt to rely upon a merely dilatory or formal defense." Parris, 189 Va. at 325, 52 S.E.2d at 874. Moreover, the asserted defense must be "substantive" and a "reasonable defense." Bottoms v. Commonwealth, 281 Va. 23, 33, 34, 704 S.E.2d 406, 412-13 (2011).

Finally, trial courts should consider whether allowing the defendant to withdraw his guilty plea would cause prejudice to the prosecution. See Hubbard, 60 Va. App. at 211 n.4, 725 S.E.2d at 168 n.4 ("[A] motion to withdraw a guilty plea may be appropriately denied where the record indicates that there has been some form of significant prejudice to the Commonwealth. Such prejudice may exist where the record reflects that the Commonwealth has partially or fully fulfilled its obligations in a plea agreement by dismissing or amending charges . . . .").[3]

Applying these criteria, we conclude that the trial court did not abuse its discretion in denying appellant's motion to withdraw his guilty plea. First, the record does not support any claim that the guilty plea was entered "inadvisedly" or "unadvisedly." At oral argument, appellant stressed the fact that his attorney "very strongly" advised him to accept the plea deal offered by the Commonwealth. Certainly, poor advice by counsel could constitute a basis to

---

[3] No claim of prejudice is made here. Accordingly, we do not address this criterion.

withdraw a guilty plea. Here, however, counsel was not providing bad advice, quite the contrary. Police found appellant's DNA on a firearm. His personal papers were located in the same drawer where the drugs were recovered. Appellant faced a lengthy mandatory minimum sentence if convicted of all charges. The prosecution offered to drop both gun charges entirely and to reduce the drug distribution charge from a third offense to a first offense, substantially reducing appellant's sentencing exposure and eliminating altogether the risk of a lengthy mandatory minimum sentence. Moreover, although counsel candidly admitted that he "very strongly did advise [appellant] to accept the plea of guilty," counsel also made it clear that the choice whether to accept the plea was appellant's to make. Nothing indicates here that counsel's advice was coercive. Rather, counsel offered sound advice which appellant chose to take.

Appellant did not tender any particular defense other than to claim that he was not present when the evidence was recovered, that he was innocent, and that "it was others" who committed the crime. Although the cases do not define what constitutes a "merely formal" defense, we understand the concept to mean a defense that is concerned with "outward form" and "superficial qualit[y]," *i.e.* one that lacks substance. Webster's Third New Int'l Dictionary 893 (1981) (defining "formal"). While not meant to be exhaustive, examples of a defense that goes *beyond* a "merely formal" defense include self-defense, alibi, insanity, or a defense based on a proffer of specific evidence that, if accepted by the factfinder, would defeat the prosecution's case.

The inquiry with regard to the adequacy of a proffered defense necessarily is fact specific. Nevertheless, several cases illustrate a defense that is not "merely formal" in nature. In Justus, the defendant, who was charged with breaking and entering and malicious wounding, tendered affidavits to show that she resided in the residence that she was charged with breaking and entering and that she acted in self-defense. Id. at 150, 645 S.E.2d at 286. In Bottoms, the defendant was charged with construction fraud. He sought to withdraw his guilty plea and defend on the basis

that, according to the proffer of counsel, the defendant had "actually undertaken to perform the contracts, but had only failed to perform that work properly or had not obtained the proper permits and license requiring him to stop work until a qualified contractor could oversee the work." 281 Va. at 29, 704 S.E.2d at 409. Specific facts showed that the work was halfway completed. Id. at 30, 704 S.E.2d at 410. The Court held that such a defense was not "vague" or "formal." Id. at 35, 704 S.E.2d at 413. In Hubbard, the defendant sought to set aside his guilty plea, specifically testifying at the motion to set aside the plea that he believed he did not act with premeditation in killing his wife. 60 Va. App. at 210, 725 S.E.2d at 168. The defendant and the victim had engaged in a heated argument and had fought before he fatally stabbed her. Id. at 203-04, 725 S.E.2d at 164-65. This Court concluded that appellant's defense was not merely formal. Id. at 210, 725 S.E.2d at 167. A defendant is uniquely situated to testify to his own intent and, particularly, whether he acted with premeditation in the context of a heated argument and fight. On the particular facts of Hubbard, the defendant's proffer that he lacked premeditation was not a "merely formal" defense.

Appellant here did not proffer any defense beyond simply making the prosecution prove its case. The fact that the drugs were not on his person when found and that he was not the leaseholder, without more, do not amount to anything other than a "formal" defense. Appellant intimated without elaboration that "it was others." The Court in Parris noted that the motion to withdraw the guilty plea should be "sustained by proofs." 189 Va. at 325, 52 S.E.2d at 874. Such a formal defense, which was not sustained by any proofs, does not constitute a basis upon which this Court could conclude that a trial court abused its discretion in denying the motion to withdraw the guilty plea.

Appellant's contention at trial that the case against him was circumstantial likewise does not provide a basis for setting aside his guilty plea. First, "[t]here is no distinction in the law between

- 9 -

the weight or value to be given to either direct or circumstantial evidence." Commonwealth v.

Hudson, 265 Va. 505, 512, 578 S.E.2d 781, 785 (2003). Second, "circumstantial evidence may be

more compelling and persuasive than direct evidence, and when convincing, it is entitled to as much

weight as direct evidence." Bridgeman v. Commonwealth, 3 Va. App. 523, 526, 351 S.E.2d 598,

600 (1986). Notably, "[b]ecause it is not subject to the human frailties of perception, memory, and

truthful recital, [circumstantial evidence] is often more reliable than the accounts of eyewitnesses."

Epperly v. Commonwealth, 224 Va. 214, 228, 294 S.E.2d 882, 890 (1982). Therefore, the fact that

the evidence proffered by the prosecution was circumstantial does not provide a valid basis to allow

appellant to withdraw his guilty plea.

Appellant also made an airy, insubstantial claim of "duress." While duress certainly could

require a trial court to vacate a guilty plea, appellant offered no factual basis upon which to support

an allegation of duress. Moreover, as this Court has noted,

> "every guilty plea is the product of some influence on a defendant.
> Every defendant faces the fear of sentencing. Each defendant
> considers the 'pros' and 'cons' of his or her plea and makes a
> decision based on the factors, or 'influences,' that are important to
> that person. Therefore, 'the least influence' and 'fear' cannot include
> fear of sentencing alone. Otherwise, courts would always have to
> grant motions to withdraw guilty pleas. Such a result would run
> contrary to the historic discretion of trial courts discussed by the
> Supreme Court in Parris."

Williams v. Commonwealth, 59 Va. App. 238, 248, 717 S.E.2d 837, 841 (2011) (quoting Coleman

v. Commonwealth, 51 Va. App. 284, 290-91, 657 S.E.2d 164, 167 (2008)). Criminal trials are

always stressful, but the stress inherent in facing a criminal prosecution is not the kind of duress that

*requires* a trial court to exercise its discretion on the side of permitting a defendant to withdraw his

guilty plea. We also note in this connection that appellant, with four prior convictions for

possession with intent to distribute, was no stranger to the criminal justice system and that he had

completed two years of college. Here, the trial court did not abuse its discretion when it declined to vacate a guilty plea based on a vague allegation of duress.

Finally, the bare possibility that a juror or jury would find in favor of appellant at trial, by itself, does not require a trial court to set aside a guilty plea. Disregarding the solemn guilty plea on so casual a standard "would degrade the otherwise serious act of pleading guilty into something akin to a move in a game of chess." United States v. Hyde, 520 U.S. 670, 677 (1997).

In sum, appellant offered no evidence to support anything other than an insubstantial or "formal" defense. The trial court did not err in rejecting appellant's insubstantial claim of duress. Nothing in the record supports an assertion that the guilty plea was entered into "unadvisedly" or "inadvisedly." Appellant presented no evidence of surprise, mistake, misconception as to the nature of the charge, or misunderstanding as to its effect. Due to the plea agreement with the prosecution, the guilty plea significantly limited appellant's exposure to the possibility of life in prison, as well as lengthy mandatory minimums. The trial court committed no abuse of discretion in rejecting appellant's motion to withdraw his guilty plea.

## II. THE TRIAL COURT COMMITTED NO ABUSE OF DISCRETION IN REVOKING EIGHT YEARS OF A PREVIOUSLY SUSPENDED SENTENCE.

In his companion case, Booker challenges the trial court's revocation of eight years of a previously suspended sentence for possession of cocaine with the intent to distribute. He contends that the revocation of the entire eight-year suspended sentence was excessive in light of his initial good adjustment to probation and because the trial court erroneously considered appellant's guilty plea to the drug distribution charge.

A trial court is vested with significant discretion when deciding whether to revoke a previously suspended sentence. Slayton v. Commonwealth, 185 Va. 357, 367, 38 S.E.2d 479, 484 (1946). See Code § 19.2-306(A) (a trial court may revoke a previously suspended sentence for "any cause the court deems sufficient"). A new conviction certainly constitutes good cause to revoke the

suspension of a previously imposed sentence. Abiding by federal and state law was specifically listed as a condition of appellant's suspended sentence. Therefore, the success of appellant's argument hinges on whether the trial court erroneously denied his motion to withdraw his guilty plea. See Whitehead v. Commonwealth, 278 Va. 105, 116, 677 S.E.2d 265, 271 (2009) (where a trial court erroneously considers a particular conviction in revoking a suspended sentence, a defendant is entitled to a new revocation proceeding).

We conclude above that the trial court committed no legal error in denying appellant's motion to withdraw his guilty plea. Therefore, the trial court properly considered appellant's new conviction in determining whether to revoke appellant's previously suspended sentence. In light of the evidence presented, the court below did not abuse its discretion in revoking the entirety of appellant's eight-year suspended sentence in light of this new conviction.

## CONCLUSION

We affirm the trial court's denial of appellant's motion to withdraw his guilty plea, and we further affirm the judgment revoking appellant's suspended sentence.

Affirmed.