UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Judges Decker, Malveaux and Senior Judge Clements
Argued at Richmond, Virginia


MARTONIO LEON COLEMAN

MEMORANDUM OPINION* BY
v.        Record No. 1712-16-2        JUDGE MARY BENNETT MALVEAUX
NOVEMBER 28, 2017

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF HOPEWELL
Daniel T. Balfour, Judge Designate

Joseph Ryland Winston (Law Offices of Joseph Ryland Winston, on
briefs), for appellant.

Brittany A. Dunn-Pirio, Assistant Attorney General (Mark R.
Herring, Attorney General; Craig W. Stallard, Assistant Attorney
General, on brief), for appellee.


Martonio Leon Coleman ("appellant") appeals his convictions for possession of a firearm

by a felon, in violation of Code § 18.2-308.2, and possession of a firearm while in possession of

a controlled substance, in violation of Code § 18.2-308.4.[1]  On appeal, he argues the evidence

was insufficient to prove that he constructively possessed a gun.[2]  For the reasons that follow, we

disagree and affirm the judgment of the trial court.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Appellant was also convicted of possession of cocaine with intent to distribute, in
violation of Code § 18.2-248.  Further, he pled guilty to driving while his license was suspended
or revoked, in violation of Code § 46.2-301, and four counts of failure to appear, in violation of
Code § 19.2-128.  Appellant does not challenge these convictions on appeal.

[2] Appellant raised two additional assignments of error with respect to his convictions.
This Court denied his petition for appeal on those assignments of error.

# I. BACKGROUND

"In accordance with familiar principles of appellate review, the facts [are] stated in the light most favorable to the Commonwealth, the prevailing party at trial." Scott v. Commonwealth, 292 Va. 380, 381, 789 S.E.2d 608, 608 (2016).

On October 13, 2014, Officer Sean Spencer of the Hopewell Police Department drove to the scene of a reported fight. As he arrived, a man walked past Spencer's car. Another officer informed Spencer that the man, later identified as Tre'Andre Paige, might have been involved in the fight. Spencer turned around and drove up the street in search of Paige.

As he turned a corner, Spencer saw a blue, two-door vehicle stopped in the middle of the street. Someone climbed into the passenger side of the vehicle, and the vehicle began driving away. Suspecting that Paige was the person he had just seen enter the vehicle, Spencer prepared to initiate a traffic stop. Before he could do so, however, the vehicle pulled over and parked.

Spencer stopped in the middle of the street and saw the vehicle's doors "pop[] open." Expecting the occupants to flee, Spencer stepped out of his car. He saw appellant get out of the driver's seat and Paige get out of the vehicle on the passenger's side. The two men began circling behind Spencer, with appellant moving to his left and Paige moving to his right. Spencer told them to get back into their vehicle, and when they ignored him, he brought his police dog out of his car. When he again instructed them to return to their vehicle, the men complied. Spencer noted that when Paige got back into the vehicle, he sat in the right rear passenger's seat. A third passenger, later identified as Joseph Jones, never left the front passenger's seat.

Just before appellant got back into the vehicle, Spencer observed him reaching for the driver's door and "mak[ing] a kicking motion." Although Spencer could see that appellant was kicking some sort of object, he could not see what that object was. After the men were back in

- 2 -

the vehicle with their doors closed, Spencer waited for additional officers to arrive. While waiting, he saw appellant talking on a white cell phone. Spencer told appellant to get off the phone, and appellant complied.

After additional officers arrived, Spencer examined the area where appellant made his kicking motion. On the street beneath the driver's side of the vehicle, Spencer found a baggie containing "off-white rock-like substances." The Virginia Department of Forensic Science later tested the baggie's contents and determined they comprised approximately 0.72 gram of cocaine. Inside the vehicle, a digital scale was in plain view on the console between the front seats. A box of sandwich bags was in plain view between the driver's seat and the console.

Police arrested appellant after determining that he was wanted on an outstanding warrant. In a search incident to that arrest, they recovered $483 from appellant's pocket, most of which was in the form of ten- and twenty-dollar bills. Police also recovered a white Apple iPhone from appellant.

While searching the vehicle, police found a Samsung phone and a loaded .40 caliber semiautomatic pistol. Spencer testified that the pistol was "sort of upright[,] [s]ort of standing up" between the side of the back seat where Paige had been sitting and the passenger side of the vehicle. A round was chambered inside the weapon. No usable fingerprints were recovered from the gun. A photograph of the weapon as found in the vehicle was entered into evidence at trial.

Police obtained warrants to search the two phones. Robert Brown of the Virginia State Police testified at trial that he conducted a forensic examination of the iPhone and discovered it was locked with a pass code. Brown used a forensic tool to access its contents and found a photograph depicting a semiautomatic weapon with a magazine lying next to it. In the photograph, a scratch or other mark is visible near the base of the gun's grip. The photograph

was entered into evidence at trial. Later, when moving the gun into evidence, the Commonwealth pointed out a "marking . . . [o]n the handle" that was "distinct." In comparing the firearm recovered from the vehicle with the firearm portrayed in the photograph found on the iPhone, the trial court noted that it "has the same markings on it, it's all the same."

Detective Matthew Bynum, a narcotics investigator with the Hopewell Police Department, testified at trial. He stated that, based on his training, experience, and familiarity with the Hopewell drug trade, the drugs and drug paraphernalia recovered in and around the vehicle were inconsistent with personal use. He also testified that "[n]ot all [drug] dealers will carry firearms. A lot of them do, but not all of them do."

Officer Spencer testified at trial that he checked the vehicle's registration and determined that appellant was not the vehicle's owner. He stated he had "no clue" how long appellant was in the vehicle before he interacted with its occupants.

Appellant moved to strike the evidence concerning the firearm charges. He argued that the evidence was insufficient to prove he possessed the gun, because he did not own the vehicle and also because the gun was found between the rear seat and the side of the vehicle, where a passenger had been sitting. Further, appellant argued that with respect to the photograph of the gun found on the iPhone, the owner of the phone remained unknown and there was no evidence regarding who took the photograph or when it was taken. Defense counsel argued that mere use of a cell phone "doesn't mean it's [appellant's]. It doesn't mean that any pictures or text messages or anything on that phone are attributable to [him]." The trial court denied the motion to strike.

Ruling from the bench, the trial court found appellant guilty of possession of cocaine with intent to distribute, in violation of Code § 18.2-248. With respect to the firearm possession charges, the court concluded that appellant was in constructive possession of the pistol. The

court specifically noted that "the issue here is proximity, but it was a two-door car and I think . . . that [appellant] was close enough [to the gun]. He could have got to it, had he had to." The court convicted appellant of possession of a firearm by a felon, in violation of Code § 18.2-308.2, and possession of a firearm while in possession of a controlled substance, in violation of Code § 18.2-308.4. This appeal followed.

## II. ANALYSIS

"When considering a challenge to the sufficiency of evidence on appeal, we review the evidence in the light most favorable to the prevailing party at trial and consider all inferences fairly deducible from that evidence." Dunne v. Commonwealth, 66 Va. App. 24, 26, 782 S.E.2d 170, 171 (2016) (quoting Jones v. Commonwealth, 276 Va. 121, 124, 661 S.E.2d 412, 414 (2008)). In conducting our inquiry, "the relevant question is, after reviewing the evidence in the light most favorable to the [Commonwealth], whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Sullivan v. Commonwealth, 280 Va. 672, 676, 701 S.E.2d 61, 63 (2010). We "defer to the findings of fact made by . . . a trial judge at a bench trial if there is evidence to support them and will not set a judgment aside unless it appears from the evidence that the judgment is plainly wrong." Id. See also Code § 8.01-680. Our deference "applies not only to findings of fact, but also to any reasonable and justified inferences the fact-finder may have drawn from the facts proved." Id. at 676, 701 S.E.2d at 63-64. Further, "circumstantial evidence may be more compelling and persuasive than direct evidence, and when convincing, it is entitled to as much weight as direct evidence." Booker v. Commonwealth, 61 Va. App. 323, 335-36, 734 S.E.2d 729, 735 (2012) (quoting Bridgeman v. Commonwealth, 3 Va. App. 523, 526, 351 S.E.2d 598, 600 (1986)).

Code § 18.2-308.2(A) prohibits convicted felons from "knowingly and intentionally possessing . . . any firearm." Code § 18.2-308.4(A) prohibits "any person[s] unlawfully in

possession of a controlled substance . . . [from] simultaneously with knowledge and intent "possess[ing] any firearm." "Where the General Assembly uses the word 'possess,' Virginia courts have typically held that proof of actual or constructive possession are both permissible." Hunter v. Commonwealth, 56 Va. App. 50, 58, 690 S.E.2d 792, 795 (2010). "Indeed[,] our Supreme Court has stated that '[a] well-settled principle of our jurisprudence is that a conviction for unlawful possession of a firearm . . . may be based solely on evidence of constructive possession.'" Id. at 58, 690 S.E.2d at 795-96 (alteration in original) (quoting Wright v. Commonwealth, 278 Va. 754, 759, 685 S.E.2d 655, 657 (2009)).

"[T]he issue [of what constitutes constructive possession] is largely a factual one." Smallwood v. Commonwealth, 278 Va. 625, 630, 688 S.E.2d 154, 156 (2009) (alteration in original) (quoting Ritter v. Commonwealth, 210 Va. 732, 743, 173 S.E.2d 799, 807 (1970)). "To establish constructive possession . . . , 'the Commonwealth must present evidence of acts, statements, or conduct by the defendant or other facts and circumstances proving that the defendant was aware of the presence and character of the firearm and that the firearm was subject to his dominion and control.'" Bolden v. Commonwealth, 275 Va. 144, 148, 654 S.E.2d 584, 586 (2008) (quoting Rawls v. Commonwealth, 272 Va. 334, 349, 634 S.E.2d 697, 705 (2006)).

"While the Commonwealth does not meet its burden of proof simply by showing the defendant's proximity to the firearm, it is a circumstance probative of possession and may be considered as a factor in determining whether the defendant possessed the firearm." Id. Occupancy of a vehicle in which a firearm is found is a relevant factor for a trier of fact to consider in determining guilt, as is visibility of that firearm within the vehicle. See Rawls, 272 Va. at 350, 634 S.E.2d at 705 ("[O]ccupancy of the [locus] where the firearm is found . . . [is a] circumstance[] probative of possession."); Smallwood, 278 Va. at 631, 688 S.E.2d at 157

(finding "plain view" status of weapon probative of constructive possession). Further, to establish constructive possession of a firearm, the Commonwealth is not required to prove exclusive possession by the defendant, for "[p]ossession may be joint or several. Two or more persons may be in possession where each has the power of control and intends to exercise control jointly." Hunter, 56 Va. App. at 60, 690 S.E.2d at 796 (quoting Smallwood, 278 Va. at 631, 688 S.E.2d at 157).

Appellant first challenges his firearm convictions by arguing that the evidence was insufficient to prove he was aware of the presence and character of the gun, because there was no evidence it was ever openly and obviously in his presence. He notes that the gun was in the back seat, between the seat and the side of the vehicle, and that a passenger occupied the space beside the gun. Taken together with the fact that the evidence only proved appellant drove the vehicle for a brief period, appellant contends it is not possible to reasonably infer that he ever had a vantage point which would have allowed him to see the gun. However, even assuming, *arguendo*, that this contention is true, it is not dispositive. Firearms that are not open and obvious may still be subject to one's knowledge and thus support a conviction for constructive possession. See, e.g., Hunter, 56 Va. App. at 60-61, 690 S.E.2d at 797 (holding the evidence was sufficient to support an inference of knowledge of a firearm found in a locked glove compartment); Archer v. Commonwealth, 26 Va. App. 1, 13, 492 S.E.2d 826, 832 (1997) (holding there was sufficient evidence of knowledge to support constructive possession where a gun was hidden beneath a mattress).

Appellant next argues that neither his involvement in the drug trade nor his attempt to conceal his illegal activity supports an inference that he was aware of the presence and character of the gun. With this argument, he seeks to distinguish his conduct and circumstances from those of the defendant in Bolden. In Bolden, the defendant and another individual were sitting in

a car improperly parked in a motel parking lot. Bolden, 275 Va. at 146, 654 S.E.2d at 585. When an officer approached to investigate, both individuals got out of the car and the defendant began to walk toward the officer. Id. The officer saw the defendant drop rolling paper and a Ziploc bag which appeared to contain cocaine. Id. The officer placed the defendant in custody, and, while searching the car, recovered a handgun from a plastic grocery bag which was on the driver's seat against the armrest. Id. at 146-47, 654 S.E.2d at 585. Our Supreme Court concluded that among the evidence supporting constructive possession was the fact that the defendant possessed drugs with the intent to distribute them, and an expert testified to the link between drug distribution and possession of a firearm. Id. at 149, 654 S.E.2d at 586. Also supporting constructive possession was the fact that the defendant exited the car and approached the officer before the officer could approach the car where the gun was located. Id. at 148-49, 654 S.E.2d at 586.

Appellant argues that Bolden is distinguishable because an expert witness in that case testified that "a drug dealer would carry a firearm 'so he can protect his interests,'" Bolden, 275 Va. at 147, 654 S.E.2d at 585, while the detective in the instant case testified only that "'not all' drug dealers carry firearms, but 'a lot' do." The nexus between illegal drug distribution and firearms possession is well established in our case law. See, e.g., Bolden v. Commonwealth, 49 Va. App. 285, 293, 640 S.E.2d 526, 530 (2007) (noting that "[g]uns are the 'tools of the trade' in the underground drug world'" (quoting Thomas v. Commonwealth, 44 Va. App. 741, 755, 607 S.E.2d 738, 744-45, adopted upon reh'g en banc, 45 Va. App. 811, 613 S.E.2d 870 (2005))); Thomas, 44 Va. App. at 755, 607 S.E.2d at 744 (acknowledging "the commonsense 'relationship between the distribution of controlled substances . . . and the possession and use of dangerous weapons'" (quoting Logan v. Commonwealth, 19 Va. App. 437, 445, 452 S.E.2d 364, 369 (1994) (en banc))). Appellant's argument merely articulates a distinction without a difference.

The detective's testimony—like that of the expert in <u>Bolden</u>—supports the inference that distributing drugs is linked to possessing firearms, given his statement that "a lot" of drug dealers carry firearms. Considering that link, together with the fact that appellant was convicted of possession of cocaine with intent to distribute, the evidence permits the inference that appellant constructively possessed the firearm to protect his illegal activities.

Appellant further argues that <u>Bolden</u> is distinguishable from the instant case because the gun in <u>Bolden</u> was immediately proximate to the defendant, while the gun here "was not right beside [appellant], it was right beside someone else." Thus, unlike the instant case, the evidence in <u>Bolden</u> supported the inference that the defendant knew of the presence and character of the gun and sought to prevent its discovery by meeting the officer away from the car. However, <u>Bolden</u> makes clear that proximity to a firearm is not dispositive. Instead, it is simply "a factor" to consider when determining whether a defendant was in constructive possession. <u>Bolden</u>, 275 Va. at 148, 654 S.E.2d at 586. Here, regardless of appellant's initial proximity to the pistol, his conduct in walking toward Officer Spencer before Spencer could approach supports an inference that he wanted to prevent discovery of the gun he knew was present in the vehicle. See <u>id.</u> at 148-49, 654 S.E.2d at 586.

Lastly, appellant argues that the Commonwealth introduced no evidence that he owned the iPhone which contained a photograph of the pistol and that his mere use of the locked phone did not prove that he owned it. He further argues that even if his use of the phone demonstrated ownership, it cannot be inferred that he took or had seen the photograph of the gun and thus had knowledge of the gun. Here, appellant possessed and used a password-protected phone which contained an image of a pistol bearing the same distinctive markings as the pistol recovered from the vehicle. A rational fact finder could infer from this evidence of possession and use that the

- 9 -

phone was appellant's, that he was familiar with the photograph of the gun, and that he thus had knowledge of the nature and character of the firearm found in the vehicle.

Viewing the evidence in the light most favorable to the Commonwealth, appellant was driving a vehicle in which police located a gun. He was convicted of possession of cocaine with intent to distribute, and a detective testified that "a lot" of drug dealers carry firearms. Appellant left the vehicle he had been driving and moved toward a police officer. He also possessed and used a password-protected phone which contained an image of the pistol recovered from the vehicle. Consequently, a rational trier of fact could have found, beyond a reasonable doubt, that appellant was aware of the presence and character of the firearm and that it was subject to his dominion and control.

### III. CONCLUSION

For the foregoing reasons, we affirm appellant's convictions.

<u>Affirmed.</u>