COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Senior Judges Annunziata, Frank and Petty

STEVEN TYLER McCRACKEN

v.     Record No. 0001-22-3

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION*
PER CURIAM
JULY 12, 2022

FROM THE CIRCUIT COURT OF WASHINGTON COUNTY
C. Randall Lowe, Judge

(Kimberly C. Haugh; Kimberly C. Haugh, P.C., on brief), for
appellant.

(Jason S. Miyares, Attorney General; Virginia B. Theisen, Senior
Assistant Attorney General, on briefs), for appellee.


Counsel for Steven Tyler McCracken filed a brief on his behalf accompanied by a motion

for leave to withdraw in accordance with *Anders v. California*, 386 U.S. 738, 744 (1967).

McCracken also filed a *pro se* supplement to his counsel's *Anders* brief. After examining the

briefs and record in this case, we affirm the circuit court's judgment. We unanimously hold that

oral argument is unnecessary because "the appeal is wholly without merit." Code §

17.1-403(ii)(a); Rule 5A:27(a).

BACKGROUND

In February 2012, McCracken pled guilty in the Circuit Court of Washington County to four

counts of manufacturing methamphetamine. The circuit court entered a final order on March 30,

2012, sentencing him to a total of sixty years' incarceration with fifty-seven years suspended. In

August 2017, McCracken pled guilty in the same court to one count each of possessing

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

methamphetamine and unauthorized use of a motor vehicle, five counts of obtaining money by false pretenses, and three counts of uttering. The circuit court entered a final order on August 9, 2017, sentencing him to a total of forty-one years' incarceration with thirty-nine years and three months suspended. Separately, rather than revoking the suspended sentence imposed for McCracken's 2012 convictions, on August 10, 2017, the court imposed an indefinite period of probation and ordered him to enter and complete the Community Corrections Alternative Program upon his release from custody.

In June 2020, a probation officer filed a major violation report alleging that McCracken had violated the conditions of his suspension by failing to report an arrest in Bristol, Tennessee for possessing a firearm and driving with a suspended license, by changing his residential address without informing the probation officer, and by absconding from supervision because his whereabouts were then unknown. A December 2020 supplemental report alleged that McCracken also had been arrested in Knoxville, Tennessee on charges of impersonation, possession of methamphetamine, and possession of drug paraphernalia. Three additional supplemental reports in 2021 alleged that McCracken failed to report to his probation officer in June 2020 as required and that McCracken had been convicted of driving while his license was revoked, assault and battery on a family member, and unlawful wounding.

Following several continuances, the circuit court held a revocation hearing on May 20, 2021. In a final order entered September 29, 2021, the court revoked five years of McCracken's previously suspended sentences. McCracken filed a *pro se* motion to modify his revocation sentence, which the court denied. McCracken appeals.

ANALYSIS

In a single assignment of error, McCracken's *Anders* brief asserts that the circuit court abused its discretion by revoking five years of McCracken's suspended sentence. In his *pro se*

supplemental brief, McCracken raises four additional assignments of error, asserting that his attorney rendered ineffective assistance of counsel, that the probation officer committed fraud upon the court by perjuring himself at the revocation hearing, that the Commonwealth engaged in prosecutorial misconduct by making prejudicial statements at the hearing, and that the court admitted hearsay evidence. He also argues that the statutory changes the General Assembly enacted by amending Code §§ 19.2-303 and -306 and creating Code § 19.2-306.1, effective July 1, 2021, *see* 2021 Va. Acts Spec. Sess. I ch. 538, should apply because his revocation order was not entered until September 29, 2021.

"In revocation appeals, the trial court's 'findings of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion.'" *Jacobs v. Commonwealth*, 61 Va. App. 529, 535 (2013) (quoting *Davis v. Commonwealth*, 12 Va. App. 81, 86 (1991)). "That standard means that the circuit court judge's 'ruling will not be reversed simply because an appellate court disagrees.'" *Id.* (quoting *Thomas v. Commonwealth*, 44 Va. App. 741, 753, *adopted upon reh'g en banc*, 45 Va. App. 811 (2005)). It also "necessarily implies that, for some decisions, conscientious jurists could reach different conclusions based on exactly the same facts—yet still remain entirely reasonable." *Thomas v. Commonwealth*, 62 Va. App. 104, 111 (2013) (quoting *Hamad v. Hamad*, 61 Va. App. 593, 607 (2013)). We consider "[t]he evidence . . . in the light most favorable to the Commonwealth, as the prevailing party below." *Jacobs*, 61 Va. App. at 535.

The probation officer's 2021 supplemental reports each alleged that McCracken had been convicted of new criminal offenses during the suspension period. "A new conviction certainly constitutes good cause to revoke the suspension of a previously imposed sentence." *Booker v. Commonwealth*, 61 Va. App. 323, 338 (2012). Under the operative terms of the revocation statute in effect when the circuit court considered McCracken's violation, once it found that he

had violated the terms of the suspension, the circuit court was obligated to revoke the suspended sentences and they were in "full force and effect." Code § 19.2 306(C)(ii).[1] The court was permitted—but not required—to resuspend all or part of the sentences. *Id.*; *Alsberry v. Commonwealth*, 39 Va. App. 314, 320 (2002).

We are unable to determine the basis of the circuit court's decision, however, because the record on appeal does not contain a timely-filed transcript of the revocation hearing.[2] The court's written order states only that it "heard statements on behalf of the Commonwealth and statements on behalf of" McCracken. The revocation order does not summarize the evidence presented at the hearing, nor do the revocation sentencing guidelines indicate what violations the trial court found. Accordingly, the transcript of the hearing is indispensable to review the basis of the circuit court's ruling. *See Smith v. Commonwealth*, 32 Va. App. 766, 772 (2000); *Turner v. Commonwealth*, 2 Va. App. 96, 99-100 (1986).

McCracken failed to ensure that the record contains a timely-filed transcript, or written statement of facts in lieu of a transcript, necessary to permit us to resolve the assignment of error in his *Anders* brief. Rule 5A:8(b)(4)(ii). Therefore, we cannot address the merits of that assignment of error. *Id.* Similarly, we cannot consider three of the assignments of error he raises in his *pro se* supplemental brief. Without a timely-filed transcript of the revocation hearing, we do not know what the probation officer testified to at the hearing, or whether the testimony was

---

[1] Code § 19.2-306(C) was amended effective July 1, 2021, and no longer requires the trial court to revoke the sentence. 2021 Va. Acts Spec. Sess. I ch. 538. The previous version of the statute applies, however, when the revocation proceeding began before July 1, 2021. *Green v. Commonwealth*, ___Va. App. ___, ___ & n.4 (June 14, 2022). In this case, although the circuit court did not enter the revocation order until September 29, 2021, the revocation hearing occurred on May 20, 2021, so the amendment effective July 1, 2021 did not apply.

[2] The circuit court entered its final order on September 29, 2021. Under Rule 5A:8(a), a transcript must be "filed in the office of the clerk of the trial court no later than 60 days after entry of the final judgment." McCracken filed the transcript of the revocation hearing on December 16, 2021.

- 4 -

false and constituted fraud upon the court. We do not know what statements the Commonwealth made at the hearing, so we are unable to assess whether they were prejudicial. We do not know what evidence the circuit court admitted, so we cannot evaluate whether any of it was inadmissible hearsay. *See Jenkins v. Commonwealth*, 71 Va. App. 334, 344-45 (2019) (setting out factors for the admission of testimonial hearsay in a revocation hearing). We cannot address any of these assignments of error because there is no timely-filed transcript. Rule 5A:8(b)(4)(ii).

The absence of a timely-filed transcript does not affect one of the assignments of error McCracken raises in his *pro se* supplemental brief, but we still cannot reach it: his claim of ineffective assistance of counsel. "[C]laims of ineffective assistance of counsel . . . are not reviewable on direct appeal, but must be raised in a petition for a writ of *habeas corpus* after exhaustion of all appellate remedies." *McGinnis v. Commonwealth*, 296 Va. 489, 495 n.1 (2018) (citing *Sigmon v. Dir., Dep't of Corrs.*, 285 Va. 506, 533 (2013)); *accord Keener v. Commonwealth*, 71 Va. App. 279, 297 (2019). Thus, the claim presented in this assignment of error is not properly before us for review.

Finally, as noted above, the amendment to Code § 19.2-306 effective July 1, 2021 does not apply in this case, because the revocation proceeding began before the effective date of the amendment. *Green v. Commonwealth*, ___ Va. ___, ___ & n.4 (June 14, 2022). Accordingly, McCracken's final assignment of error is without merit.

CONCLUSION

For the foregoing reasons, the circuit court's judgment is affirmed. We deny counsel's motion for leave to withdraw. *See Anders*, 386 U.S. at 744. This Court's records reflect that Kimberly C. Haugh, Esquire, is counsel of record in this matter

*Affirmed.*