COURT OF APPEALS OF VIRGINIA

Present: Judges Humphreys, Causey and Senior Judge Clements

JOWELL TRAVIS LEGENDRE

v.     Record No. 0567-21-2

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*]
PER CURIAM
OCTOBER 18, 2022

FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
Frederick G. Rockwell, III, Judge

(J. Martelino, Jr., on brief), for appellant.

(Jason S. Miyares, Attorney General; Mason D. Williams, Assistant
Attorney General, on brief), for appellee.  Appellee submitting on
brief.

Jowell Travis Legendre ("appellant") appeals the decision of the Circuit Court of

Chesterfield County finding him in violation of the conditions of his previously suspended sentence

and revoking the balance of the suspension.  On appeal, appellant argues that his probation violation

based on new convictions[1] should be reversed if the new convictions are reversed on appeal.  He

also argues that the trial court abused its discretion by imposing ten years of active incarceration.

After examining the briefs and record in this case, the panel unanimously holds that oral argument is

unnecessary because "the appeal is wholly without merit."  Code § 17.1-403(ii)(a); Rule 5A:27(a).

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] The assignment of error refers to an appeal of a "felony conviction" to the Supreme
Court of Virginia from this Court, but the referenced appeal addressed several convictions.  *See*
*Legendre v. Commonwealth*, No. 0642-20-2 (Va. Ct. App. May 5, 2021); *Legendre v.*
*Commonwealth*, No. 210445 (Va. Feb. 1, 2022).

BACKGROUND

"In revocation appeals, the trial court's 'findings of fact . . . will not be reversed unless there is a clear showing of abuse of discretion.'" *Jacobs v. Commonwealth*, 61 Va. App. 529, 535 (2013) (quoting *Davis v. Commonwealth*, 12 Va. App. 81, 86 (1991)). "The evidence is considered in the light most favorable to the Commonwealth, as the prevailing party below." *Id.*

In 2007, appellant pleaded guilty to statutory burglary and the trial court sentenced him to fifteen years of incarceration, with thirteen years suspended for twenty years, conditioned upon good behavior and supervised probation. The suspended sentence was revoked in part and resuspended in 2009 and again in 2013. For the 2013 revocation, the trial court resuspended ten years of the sentence for a period of ten years, conditioned on appellant's good behavior, compliance with the terms of his supervised probation, and payment of court costs. Appellant was released from incarceration to supervised probation in April 2018.

In February 2020, appellant's probation officer reported to the trial court that appellant had failed to report for multiple appointments and tested positive for drugs. The probation officer also reported that on November 18, 2019, a jury in the City of Charlottesville Circuit Court had convicted appellant of several violent felonies.

At the May 6, 2021 revocation hearing, appellant stipulated that he had been convicted by a jury in Charlottesville, Virginia, of "sexual object penetration, sodomy, robbery, credit card fraud, [and] peeping into a dwelling." The trial court found appellant in violation of the terms of his suspended sentence. Noting that this was appellant's third revocation hearing and he had committed new offenses, the Commonwealth asked the trial court to revoke the balance of his sentence. Appellant asked the trial court to consider revoking only "a portion" of his suspended sentence and removing him from probation considering the lengthy sentences that were imposed on him due to the new convictions and revocations of probation in other jurisdictions. In allocution,

appellant acknowledged his past offenses but contested the facts supporting the new convictions. The trial court found the nature of the new offenses "horrible" and was troubled that the suspended sentence had not deterred appellant's conduct. The trial court imposed the balance of appellant's suspended sentence. This appeal follows.

## ANALYSIS

### Appeal of New Convictions

Appellant argues that this Court "should reverse the trial court's finding of a probation violation and its excessive sentence" if the new convictions from the other jurisdiction are reversed. He concedes, however, that after this Court granted this appeal, the Supreme Court of Virginia refused his petition challenging the new convictions. He also has made no representations to this Court that he has sought further appeal of these convictions. Given that the condition on which this assignment of error is premised has been resolved adversely to appellant, his argument is moot. *See Patterson v. Commonwealth*, 12 Va. App. 1046, 1048-50 (1991) (holding that because the appeal of the defendant's new conviction was denied and no further appeal was sought, the defendant's argument that he had not violated probation by committing the offense was moot).

### Reimposed Sentence

Appellant argues that the trial court abused its discretion by revoking all of the ten-year suspended sentence without resuspending any of it.

"In revocation appeals, the trial court's ' . . . judgment will not be reversed unless there is a clear showing of abuse of discretion.'" *Jacobs*, 61 Va. App. at 535 (quoting *Davis*, 12 Va. App. at 86). After suspending a sentence, a trial court "may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court." Code § 19.2-306(A) (2016). Unless stated otherwise in the sentencing or revocation order, a period of suspension begins "from the moment of . . .

pronouncement" of a sentence. *Green v. Commonwealth*, 69 Va. App. 99, 104 (2018); *see Lee v. Commonwealth*, 71 Va. App. 205, 211 (2019) ("[I]n *Green*, the trial court's sentencing order did not include language specifying when the period of suspension was to begin. In the case now before us, however, the trial court's sentencing order is rather clear that the period of suspension of the suspended sentence and the good behavior required in it . . . did not begin until appellant's release from incarceration."). "A condition of good behavior accompanies the period of suspension as a matter of law." *Burnham v. Commonwealth*, 298 Va. 109, 116 (2019).

"A new conviction certainly constitutes good cause to revoke the suspension of a previously imposed sentence." *Booker v. Commonwealth*, 61 Va. App. 323, 338 (2012); *see id.* ("[T]he court below did not abuse its discretion in revoking the entirety of appellant's eight-year suspended sentence in light of th[e] new conviction."); *Burnham*, 298 Va. at 117-18 ("By *committing new crimes*, the defendant *violated* the long[-]established *implicit condition of good behavior*. Consequently, the court possessed the authority to revoke his previously suspended sentence for crimes committed during the period of suspension." (emphases added)).

Here, we hold that the trial court did not abuse its discretion in revoking appellant's entire suspended sentence and reimposing the remaining balance. After appellant's last revocation hearing in 2013, the trial court sentenced appellant to eleven years and six months of incarceration, with ten years suspended for a period of ten years. Thus, the period of suspension began in 2013 and was to last until 2023. Appellant received his new convictions within this period, violating the implicit condition of good behavior. New convictions are good cause to revoke a suspended sentence. Given the "horrible" nature of the new convictions and the fact that this was appellant's third revocation proceeding, the trial court did not abuse its discretion in revoking the entirety of

appellant's ten-year sentence.[2] *Alsberry v. Commonwealth*, 39 Va. App. 314, 316-17, 321-22 (2002) (upholding trial court's decision to revoke the defendant's probation and reimpose "the entire balance of his previously suspended sentence, a total of twenty-four years and five and one-half months," when the defendant had new misdemeanor[3] convictions, the defendant had violated probation four times, and the original offenses were of a "grievous nature").

## CONCLUSION

For the reasons above, the trial court's decision is affirmed.

*Affirmed.*

---

[2] Appellant's reliance on *Payne v. Commonwealth*, No. 1759-01-1 (Va. Ct. App. Aug. 20, 2002), is misplaced. First, we note that unpublished opinions are not binding on this Court. Second, *Payne* is distinguishable in that, while Payne, like appellant here, had a new conviction for a crime he told the court he did not commit, that conviction was obtained by Payne making an *Alford* plea. *Payne*, slip op. at 3-4; *Ramsey v. Commonwealth*, 65 Va. App. 593, 596 n.1 (2015) ("When offering an *Alford* plea of guilty, a defendant *asserts his innocence* but admits that sufficient evidence exists to convict him of the offense." (emphasis added)). In contrast, here, appellant was convicted of the new crimes by a jury. The trial court here noted this fact, stating, "it's significant to the [c]ourt that you were convicted by a jury of these offenses."

[3] The defendant in *Alsberry* had new convictions for "misdemeanor destruction of private property" and "being a Peeping Tom." 39 Va. App. at 316. *Alsberry* does not specify what section of the Code the defendant violated in "being a Peeping Tom," but appellant likely violated Code § 18.2-130, entitled "Peeping or spying into dwelling or enclosure." At the time of Alsberry's conviction, a violation of Code § 18.2-130 was a misdemeanor. *See* Code § 18.2-130(E) (1999).