COURT OF APPEALS OF VIRGINIA

Present: Judges Beales, Friedman and Callins

MICHAEL ALLEN FAUNTLEROY

v.     Record No. 0020-22-2

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION*
PER CURIAM
DECEMBER 13, 2022

FROM THE CIRCUIT COURT OF THE CITY OF FREDERICKSBURG
J. Martin Bass, Judge Designate

(James Joseph Ilijevich, on brief), for appellant.

(Jason S. Miyares, Attorney General; Rebecca M. Garcia, Assistant
Attorney General, on brief), for appellee.


Michael Allen Fauntleroy appeals the judgment of the trial court revoking his previously

suspended sentence for a good behavior violation. Fauntleroy contends that the trial court abused its

discretion by revoking the balance of his suspended sentence, resulting in a period of active

incarceration of one year and five months. After examining the briefs and record in this case, the

panel unanimously holds that oral argument is unnecessary because "the appeal is wholly without

merit." Code § 17.1-403(ii)(a); Rule 5A:27(a). We affirm the trial court's judgment.

BACKGROUND

"In revocation appeals, the trial court's 'findings of fact and judgment will not be reversed

unless there is a clear showing of abuse of discretion.'" *Jacobs v. Commonwealth*, 61 Va. App.

529, 535 (2013) (quoting *Davis v. Commonwealth*, 12 Va. App. 81, 86 (1991)). "The evidence is

considered in the light most favorable to the Commonwealth, as the prevailing party below." *Id.*

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

By final order entered February 2, 2016, the trial court convicted Fauntleroy of unlawful wounding and sentenced him to five years of imprisonment, with three years suspended. The suspension was conditioned on five years of good behavior and five years of supervised probation. The suspended sentence was revoked and resuspended, in part, in 2017, 2018, and 2019.

On April 12, 2021, the trial court issued a capias for a reported violation of the good behavior condition of Fauntleroy's suspended sentence, which was served on him on April 28, 2021. The matter was set for a bench trial on May 17, 2021, but subsequently continued to July 19, 2021, on the parties' joint motion. At the revocation hearing, Fauntleroy conceded that he had violated the conditions of his suspended sentence by failing to be of good behavior. Specifically, he had suffered new convictions.

Fauntleroy testified that he had been homeless for approximately twelve years. He candidly acknowledged that he had a drinking problem and wanted to participate in alcohol treatment but there were no programs available to him in the jail. He had previously worked with Micah Ministries for housing and the Community Services Board (CSB) for mental health services. He maintained that he did well in the community when he was taking his medications and felt better when he was taking them. He committed his offenses after he stopped taking his medications. Although he knew he should not take himself off the medications, he stated he had done so because both his mother and his aunt had passed away. He planned to resume seeking support from Micah Ministries and the CSB upon his release and work with his probation officer to coordinate treatment and services. On cross-examination Fauntleroy acknowledged that he had approximately a dozen prior felony convictions, including drug distribution offenses. He acknowledged that it was important to follow his treatment and the rules of probation.

Fauntleroy argued that most of the convictions the Commonwealth referenced had occurred more than ten years earlier; most of his recent convictions—many for trespassing—

were "commensurate with homelessness." He contended that he had worked with Micah Ministries in the past, as well as the CSB. However, he cycles in and out—in that he does well when he is in a program but that things come apart when he stops taking his medications or starts drinking, or both. Fauntleroy asked the trial court to withhold a disposition to afford him an opportunity to work on a release plan with Micah Ministries and the CSB. The Commonwealth countered that Fauntleroy's criminal history was "replete with violent victim crimes" and that the trespassing offenses were part of a "lengthy pattern of conduct where laws are just ignored."

The trial court found that Fauntleroy had violated the good behavior requirement but granted his motion to defer disposition. The trial court convicted Fauntleroy for the violation of the terms of his suspended sentence and continued the matter for sentencing.

When the parties appeared for sentencing, Fauntleroy presented the trial court with a proposed release plan, under which he agreed to work with Micah Ecumenical Ministries to secure housing and the CSB to review his medications, participate in a substance abuse evaluation, and participate in any recommended treatment. In addition, the proposed plan required Fauntleroy to cooperate fully with probation and work with his treatment providers to keep probation apprised of his participation and of his progress in treatment. Fauntleroy also committed to abstain from the use of alcohol and attend at least two AA/NA meetings per week.

Fauntleroy argued that, without a plan for treatment and services in place, he would fail in the community. He was optimistic that he could succeed working with Micah Ministries because it would provide him housing with strict rules. Fauntleroy also said that probation and CSB could then work in parallel tracks to help him because his "biggest problem" was "the combination of mental health, or lack of mental health treatment, and alcohol consumption." In addition, Fauntleroy argued that the "iron was hot" and that, by acting now with a structured plan, Fauntleroy could be remolded.

The Commonwealth saw little reason for optimism. Although it understood the release plan, it was unpersuaded that the plan would prevent Fauntleroy from committing violent crimes. The Commonwealth noted the underlying offense and that the good behavior violation was for a new felony conviction for assault and battery of a law enforcement officer. In the Commonwealth's view, Fauntleroy had a long, consistent pattern of refusing to obey the law and of failing to make use of the services that had been offered to him in the past. Furthermore, the Commonwealth noted that Fauntleroy had been removed from probation previously and that "he wasn't taking advantage" of probation when he had the opportunity.

In allocution, Fauntleroy reiterated that he was not using his medications when he committed the new offenses. He acknowledged his alcohol problem and stated that he had never received treatment. He was certain he could stop drinking if he had a place to stay but had been homeless for approximately twelve years. Fauntleroy stated that he was suicidal because he could not cope with being homeless any longer. He acknowledged his criminal history but wanted treatment or he would be "back in the same boat."

In pronouncing sentence, the trial court noted that it had considered the law and the evidence in addition to reviewing Fauntleroy's proposed release plan. It found that the suggestion that services had not been offered to Fauntleroy was "not consistent with the evidence" or the trial court's prior orders. The trial court was skeptical that Fauntleroy could conform to the release plan, even if it was an order of the court. After considering all the information and argument, the trial court revoked the remaining balance of Fauntleroy's suspended sentence of one year and five months. Fauntleroy appeals.

ANALYSIS

After suspending a sentence, a trial court "may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the

- 4 -

period of suspension fixed by the court." Code § 19.2-306(A). "When a defendant fails to comply with the terms and conditions of a suspended sentence, the trial court has the power to revoke the suspension of the sentence in whole or in part." *Alsberry v. Commonwealth*, 39 Va. App. 314, 320 (2002).

Under the revocation statute in effect when the underlying revocation proceeding began, once the trial court found that Fauntleroy had violated the terms of the suspension, it was obligated to revoke the suspended sentence and the original sentence was given "full force and effect." Code § 19.2-306(C)(ii) (Cum. Supp. 2020).[1] The trial court was permitted—but not required—to resuspend all or part of the sentence. *Id.*; *Alsberry*, 39 Va. App. at 320. Fauntleroy argues that the trial court abused its discretion "by disregarding a proposed Service Plan designed to treat the conditions which contributed to the defendant's violation of good behavior." He faults the trial court for expecting someone "beset by mental health deficits, substance abuse affliction and chronic homelessness" to comply with terms of supervision and good behavior as easily as someone who did not suffer from those impediments. He further argues that the trial court's "decision to revoke the balance of his previously suspended sentence was not reasonable." The record does not support Fauntleroy's argument.

It was undisputed that Fauntleroy had violated the terms of his suspended sentence because he violated the good behavior requirement by committing new offenses. Under those circumstances, the trial court had sufficient cause to revoke the suspension and the remaining

---

[1] Although Code § 19.2-306(C) was amended effective July 1, 2021, Fauntleroy does not argue that the statutory amendment applied in his case, and this Court recently held that it did not apply when, as here, the probation violation occurred and the revocation proceeding began before the effective date of the amendment. *See Green v. Commonwealth*, 75 Va. App. 69, 83-84 & n.4 (2022). In addition, even under the amended statutory framework the trial court has discretion to impose the balance of a previously suspended sentence when a probationer commits a new offense during the suspension period. *See* 2021 Va. Acts Spec. Sess. I, ch. 538; Code § 19.2-306.1(B).

sentence was "in full force and effect." *See* Code § 19.2-306(A), (C) (Cum. Supp. 2020). "A new conviction certainly constitutes good cause to revoke the suspension of a previously imposed sentence." *Booker v. Commonwealth*, 61 Va. App. 323, 338 (2012).

In considering whether to resuspend some or all of the revoked sentence, it was within the trial court's purview to weigh any mitigating factors Fauntleroy presented, including his mental health, alcoholism, long-term homelessness, and proffered release plan. *Keselica v. Commonwealth*, 34 Va. App. 31, 36 (2000). Balanced against Fauntleroy's mitigating evidence was his significant criminal record, which included three prior violations of the terms of the suspended sentence under review and new convictions—including a felony conviction for assault and battery of a law enforcement officer. In addition, the trial court expressly stated that it had considered all the evidence and arguments of counsel. The trial court found as a fact, however, that Fauntleroy's claim that he had not previously been offered services was "not consistent with the evidence and the prior orders of the Court."

"The statutes dealing with probation and suspension are remedial and intended to give the trial court valuable tools to help rehabilitate an offender through the use of probation, suspension of all or part of a sentence, and/or restitution payments." *Howell v. Commonwealth*, 274 Va. 737, 740 (2007). Considering Fauntleroy's repeated violations of the conditions of his suspended sentence, the trial court reasonably concluded that he was not amenable to rehabilitation. "When coupled with a suspended sentence, probation represents 'an act of grace on the part of the Commonwealth to one who has been convicted and sentenced to a term of confinement.'" *Hunter v. Commonwealth*, 56 Va. App. 582, 587 (2010) (quoting *Price v. Commonwealth*, 51 Va. App. 443, 448 (2008)).

"For probation to have a deterrent effect on recidivism, real consequences must follow a probationer's willful violation of the conditions of probation." *Price*, 51 Va. App. at 449.

Fauntleroy failed to make productive use of the grace that had been repeatedly extended to him. Having reviewed the record, we cannot say that the trial court abused its discretion in any way in its decision under the circumstances of this case. *See Alsberry*, 39 Va. App. at 321-22 (finding that the court did not abuse its discretion by imposing the defendant's previously suspended sentence in its entirety "in light of the grievous nature of [the defendant's] offenses and his continuing criminal activity"); *see also Brittle v. Commonwealth*, 54 Va. App. 505, 520 (2009) (affirming the court's imposition of a five-year sentence with three years suspended for third offense larceny because the sentence was "not excessive on its face").

CONCLUSION

For the foregoing reasons, the trial court's judgment is affirmed.

*Affirmed*.